[No. 11679.  In Bank. — November 4, 1887.]

## EUREKA AND TRINIDAD RAILROAD COMPANY, APPELLANT, v. JANE McGRATH ET AL., RESPONDENTS.

APPEAL — ORDER REFUSING TO SET ASIDE JUDGMENT — PROCEEDING TO CONDEMN RIGHT OF WAY. — In a proceeding for the condemnation of a right of way for a railroad, an order denying a motion made by the plaintiff to set aside a judgment rendered in its favor, on the ground that since the rendition of the judgment it had determined to change the line of its road, is not appealable.

ID. — JURISDICTION OF SUPREME COURT. — The supreme court has no jurisdiction of an appeal from an order refusing to set aside an appealable judgment or order.

APPEAL from an order of the Superior Court of Humboldt County refusing to set aside a judgment.

The facts are stated in the opinion of the court.

*S. M. Buck*, and *J. A. McQuaid*, for Appellant.

The appeal, being taken from a special order made after final judgment, should not be dismissed. Such an order is appealable. (Code Civ. Proc., sec. 939, subd. 3; *Willard* v. *Archer*, 63 Cal. 33; *Fuller* v. *Baker*, 48 Cal. 633; *Sweeney* v. *Stanford*, 60 Cal. 363; *In re Commissioners*, 56 N. Y. 145.)

*Horace L. Smith*, for Respondents.

The order appealed from is not appealable. (*Henly* v. *Hastings*, 3 Cal. 342; *Holmes* v. *McCleary*, 63 Cal. 497; *California Southern R. R. Co.* v. *Southern Pacific R. R. Co.*, 65 Cal. 295; *Tripp* v. *Santa Rosa Street R. R. Co.*, 69 Cal. 631.

McFARLAND, J. — The plaintiff, a railroad corporation, on the seventeenth day of February, 1885, filed its complaint in the court below, asking a judgment condemning a right of way for its road through and over a lot of land belonging to defendants in the city of Eureka.

LXXIV. CAL.—4

Defendants answered, denying all the averments of the complaint (except ownership of the lot), and claiming one thousand six hundred dollars damages in case of condemnation. The case was tried with a jury, and all the facts necessary to support a judgment for plaintiff were found in its favor, and defendants' damages were duly assessed at six hundred dollars. Judgment upon the verdict was duly entered on August 29, 1885.

The judgment, after reciting the proceedings in the case, decrees that plaintiff is entitled to use and enjoy the strip of land described in the complaint, as the right of way for the construction of its railroad, upon paying to defendants, or depositing in court for them, the full amount of compensation or damages assessed by the jury. Plaintiff then duly moved for a new trial, which was denied, and thereafter, on October 1, 1885, it appealed to this court "from so much of the judgment as directed the payment to defendants of the damages assessed by the jury." It gave a bond to stay execution during the pending of the appeal, in form as provided in section 942 of the Code of Civil Procedure. On the 11th of January, 1886, the appeal was dismissed by this court, because the transcript was not filed in time.

After the appeal had been dismissed, viz., on January 30, 1886, plaintiff filed a petition in the court below, in which it was stated that " since the trial of said action, plaintiff has determined to change its line where it passes through defendants' land, as described in the complaint herein, and substitute a line farther north, which will not require of defendants' land more than a narrow strip from the northeast corner of said lot, not exceeding ten feet in width, if any." It also served defendants with notice that upon said petition, and upon other matters and proceedings, it would, on the fourth day of February, 1886, move the court "that the judgment entered in said action on the twenty-ninth day of August, 1885, be set aside and annulled."

After a hearing of this motion, — at which hearing plaintiff introduced a resolution of its board of directors declaring its determination to change its line of road as stated in said petition, — the court, on March 5, 1886, made and entered on its minutes an order "that the petition and motion of plaintiff to annul the judgment herein be denied and dismissed." From this order denying the motion to annul the judgment the plaintiff now appeals; and respondent moves to dismiss the appeal on the ground that the order appealed from is not an appealable order.

In *Tripp* v. *Santa Rosa Street R. R. Co.*, 69 Cal. 631, the appeal was from an order refusing to set aside a former order dismissing the action as to certain defendants; and the court says: "As to the order of dismissal, when entered, it was a final judgment, which was itself appealable. The appeal should have been prosecuted from such judgment. This court, as it is well settled, will not take jurisdiction of an order refusing to set aside a judgment or order itself appealable." And the court, in its opinion, refers to *Henly* v. *Hastings*, 3 Cal. 342; *Holmes* v. *McCleary*, 63 Cal. 497; and *California Southern R. R. Co.* v. *Southern Pacific R. R. Co.*, 65 Cal. 295; all of which cases clearly sustain the rule. In the case at bar, therefore, as the judgment sought to be set aside by the motion was itself appealable, there is no appeal from the order denying the motion, and the appeal should be dismissed. Counsel for appellant contends that as his motion was based upon new matter occurring subsequently to the judgment, therefore the rule above stated does not apply. But as there is no statutory provision for the motion which he made, or for the proceeding which he sought to institute, how can he invoke for his particular new matter any new rule that does not apply to any other kind of new matter?

Whether or not a railroad corporation, after having pushed a condemnation proceeding to the extreme of a

money judgment in favor of the defendant therein, upon which an execution may issue, has the right, in any way, to avoid such judgment by a determination to change the line of its road; and if there be such right, what, if any, is the remedy;—these are questions which we are not called upon here to determine.

Appeal dismissed.

PATERSON, J., SHARPSTEIN, J., TEMPLE, J., SEARLS, C. J., and McKINSTRY, J., concurred.