[Civ. No. 580.    Third Appellate District.—September 7, 1909.]

## MODOC CO-OPERATIVE ASSOCIATION, a Corporation, Respondent, v. PHEAR E. PORTER, Appellant.

APPEAL—DISMISSAL—FAILURE TO FILE TRANSCRIPT IN TIME.—Where the appellant has, without valid excuse, neglected for more than ten months after the appeal was perfected to file the transcript which under rule 2 of this court he was required to file within forty days thereafter, the appeal from the judgment must be dismissed.

ID.—PENDENCY OF MOTION TO VACATE AND CHANGE JUDGMENT UPON FINDINGS—INSUFFICIENT EXCUSE—DISTINCT AND INDEPENDENT PROCEEDING.—The pendency of a motion by the appellant to vacate

and change the judgment upon the findings, as inconsistent therewith, under sections 663 and 663a of the Code of Civil Procedure, is no excuse for failure to file the transcript on appeal from the judgment within time. Such proceeding by motion is entirely distinct from and independent of the remedy by appeal from the judgment, and has no connection therewith.

ID.—INTENTION OF CODE SECTIONS—CUMULATIVE REMEDY.—While it is obvious that the purpose of the code sections is to furnish a more speedy and summary remedy for attacking a judgment unsupported by the findings than by an appeal therefrom, yet that remedy is merely cumulative, and was not designed to supersede the remedy by appeal.

ID.—REVIEW OF ACTION OF COURT UPON APPEAL.—While section 663a provides for an appeal from an order granting the motion made under section 663, it makes no provision for an appeal from an order denying the motion, for the obvious reason that on an appeal effectively taken from the judgment the very same proposition may be reviewed, and a reversal could be ordered and the court below directed to enter the judgment which the findings alone justify.

MOTION to dismiss an appeal from a judgment of the Superior Court of Modoc County.  N. D. Arnot, Judge presiding.

The facts are stated in the opinion of the court.

Wylie & Wylie, and J. H. Stewart, for Appellant.

N. A. Cornish, and F. M. Jamison, for Respondent.

HART, J.—The respondent has moved to dismiss the appeal taken from the judgment in the foregoing entitled cause under the method authorized by section 941a et seq. of the Code of Civil Procedure upon the grounds: 1. That appellant has not filed the undertaking required by section 953b of the Code of Civil Procedure (Stats. 1907, p. 751), by which the party giving notice that he desires and intends to appeal from any judgment, order or decree of the court, shall undertake and agree to pay to the clerk the cost of preparing said transcript; 2. That appellant has not complied with rule 2 of this court by causing to be filed a printed or any transcript of the record in this court within forty days after her said appeal was perfected.

The record here on this motion, as certified to by the clerk of the court below, recites the following facts: That judgment was rendered in this action in favor of the plaintiff and against the defendant, Phear E. Porter, on the thirteenth day of January, 1908, and that notice of said decision and judgment was served on said defendant on the twenty-first day of January, 1908; that on the thirtieth day of January, 1908, said defendant filed a notice of intention to appeal from the judgment, and at the same time requested that there be prepared a transcript of the testimony offered and received, rulings, etc., as authorized by section 953a of the Code of Civil Procedure; that on the same day said defendant "filed a purported undertaking to the said clerk to secure the cost of making up said transcript"; that the judge who tried the cause made an order, in compliance with the request of the defendant, requiring the official reporter of the superior court in which the said judgment was rendered to prepare and file said transcript, and that thereupon "said transcript was duly prepared and filed by said reporter" in the office of the clerk of said court on the twentieth day of February, 1908, and, "after due notice to the attorneys representing said plaintiff and the said defendant, Phear E. Porter, the said transcript was presented to the said judge and was by him, on the twenty-third day of March, 1908, approved and allowed."

On the twentieth day of March, 1908, "the defendant, Phear E. Porter, filed a notice of appeal from the aforesaid judgment, and served said notice of appeal on said plaintiff on said twentieth day of March, 1908, acknowledgment of such service having been admitted upon said notice by said plaintiff, through its attorneys," etc. On the twenty-fourth day of March, 1908, the said defendant filed an undertaking on appeal in said cause, in the sum of $841.40, being double the amount of the judgment, "and said undertaking is in due form."

The certificate of the clerk concludes with the following statement: "The said defendant and appellant, Phear E. Porter, has not requested the said clerk to certify to a correct or to any transcript of the record of said case, nor has said clerk prepared said transcript of the record of said case or filed same with the clerk of the appellate court."

Accompanying the papers filed on this motion is a copy of the undertaking sought to be executed in obedience to the requirements of section 953b of the Code of Civil Procedure.

The defendant, Phear E. Porter, resists the motion to dismiss the appeal upon the single ground that there is now pending in the court which rendered the judgment from which the appeal is taken and yet undisposed of a motion to modify and vacate said judgment, and it is declared, in support of the opposition to the dismissal of the appeal, "that until the said court acts upon said motion to vacate and modify, the appeal to this court cannot be perfected, and, therefore, a dismissal of appellant's appeal herein would be premature."

The motion to "vacate and modify" the judgment is doubtless the one authorized by section 663 of the Code of Civil Procedure, by which it is provided that a judgment may be set aside and vacated by the same court rendering the judgment and another and different judgment entered where it appears that the court has made incorrect or erroneous conclusions of law not consistent with, or not supported by, the findings of fact, such error materially affecting the substantial rights of the party or entitling him to a different judgment; or where "the judgment or decree is not consistent with, or not supported by, the special verdict."

The notice of motion does not strictly follow the language of the section as to the grounds upon which it is authorized to be made, but we are not here concerned with the question whether the notice of said motion is sufficient to justify its consideration by the court.

It is clear that the appellant has not complied with the requirement of rule 2 of this court with respect to the time within which a transcript on appeal must be filed after the appeal is perfected.

Said rule provides that "the appellant in a civil action shall, within forty days after the appeal is perfected, serve and file the printed transcript of the record," etc.

The record here shows that the appeal was taken on the twentieth day of March, 1908, and that on the twenty-fourth day of March, 1908, the appellant filed the stay bond or undertaking required by section 942 of the Code of Civil Procedure.

11 Cal. App.—18

The notice of motion to dismiss the appeal was filed in this court on the twelfth day of February, 1909, no transcript of the record having been filed here up to that time.

The excuse offered by appellant for failure to file the transcript within the time prescribed by the rule of this court is not a valid one.

The proceeding authorized by section 663 of the Code of Civil Procedure has absolutely no connection with an appeal from a judgment, and in no manner or degree affects or controls the latter proceeding. The two remedies are distinct from and independent of each other. Speaking of sections 663 and 663a of the Code of Civil Procedure, the supreme court, in *Patch* v. *Miller*, 125 Cal. 241, [57 Pac. 986], has this to say in reply to the suggestion that a party's remedy for an inconsistency between the judgment and the findings is under the sections mentioned and not in an appeal from the judgment: "We do not find anything in these added sections to indicate that it was the intention of the legislature to repeal or in any way modify section 963 of the Code of Civil Procedure, which provides for an appeal from a final judgment. It would, therefore, seem that an appeal from a final judgment entered in the superior court has the same effect and is to be heard and determined in the same way as before the enactment of the added sections. We hold that those sections were not intended to affect the remedy by appeal already existing, but were intended to provide a remedy in addition thereto."

There was, therefore, no necessity for postponing the preparation and the filing of the transcript on the appeal from the judgment until the motion inaugurated upon the authority of section 663 of the Code of Civil Procedure should first be disposed of. While it is obvious that the purpose of section 663 is to furnish a more speedy and summary method for attacking a judgment unsupported by the findings than by an appeal therefrom, yet that remedy is merely cumulative, and was not designed to supersede the remedy by appeal. (Spelling on New Trial and Appellate Practice, sec. 718, and cases cited.)

Section 663a provides for an appeal from an order granting the motion under section 663, but makes no provision for an appeal from an order denying such motion, for the obvious reason that on an appeal from the judgment the very

same proposition may be reviewed, and a reversal could be ordered and the court below directed to enter the judgment which the findings alone justify.

It is not pointed out wherein the undertaking required to secure to the clerk the cost of preparing the transcript is insufficient, but it is manifest, from what we have said, that it is unnecessary to consider that point, for the appealing defendant has otherwise been inexcusably derelict in the prosecution of her appeal.

The motion to dismiss the appeal must, therefore, be granted, and such is the order.

Chipman, P. J., and Burnett, J., concurred.