THE AMERICAN RAILROAD CO. OF PORTO RICO *v.* QUIÑONES.

APPEAL from the District Court of Mayagüez.

No. 606.—Decided March 10, 1911.

APPEAL.—A decision of the lower court overruling a motion to annul or leave without effect another decision or judgment which may be the subject of appeal, is not appealable to the Supreme Court.

ID.—JURISDICTION OF LOWER COURT.—An appeal from a decision which is not appealable does not in any manner affect the jurisdiction of the lower court to continue taking cognizance of the litigation.

ID.—ORDER OVERRULING A DEMURRER.—An order of the lower court overruling a demurrer and allowing a period of time in which to answer the complaint is not appealable, as it may be the subject of review in the appeal to be taken from the final judgment.

ID.—JUDGMENT QUOD RECUPERET.—When the exceptions are overruled and time allowed in which to answer the complaint, should the defendant submit the case definitively upon the merits of the allegations praying that judgment be rendered without his having filed an answer, the judgment thus rendered, known as *quod recuperet,* is final and terminates the right of action.

ID.—CONDEMNATION—DAMAGES.—A judgment *quod recuperet* must be rendered in accordance with the facts alleged and the law applicable thereto, and where condemnation is involved, as is the case here, in which the judgment must comprise not only the value of the property condemned but also the damages caused by the condemnation, the court should afford an opportunity to prove such damages in order to fix the sum to be paid by the plaintiff in satisfaction thereof.

The facts are stated in the opinion.

*Mr. Eduardo Acuña* and *Mr. José E. Figueras* for appellant.

*Mr. N. B. K. Pettingill* and *Mr. Fernando Vázquez* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is a condemnation case. The complaint herein having been filed the plaintiff (*sic*) demurred on the following grounds: (*a*) That the court has no jurisdiction of the subject matter of the action; (*b*) that the complaint is ambiguous, unintelligible, and uncertain; (*c*) that the complaint does not state facts sufficient to constitute a cause of action.

At the hearing had on the demurrer the following action was taken, according to the entry made by the secretary in the minutes of the district court:

"On this 9th day of August, 1910, the day set by the court for the hearing on the demurrer to the complaint in this action, the parties appeared through their counsel, N. B. K. Pettingill, as the associate of Messrs. Cornwell and Vázquez, and Mr. Benito Forés.

"The court, after hearing the briefs and arguments of counsel, overrules the demurrer and allows the defendant 10 days within which to file his answer to the complaint.

"Mr. Benito Forés prays the court for final judgment against the defendant in this action, upon the merits, accepting the consequent responsibility, and the court reserved decision."

On August 1, 1910, the district court rendered the judgment from which this appeal is taken, declaring the defendant to be forever expropriated of the land referred to in the complaint. The strip of land is described in the judgment and moreover:

"It is ordered, adjudged and decreed that the plaintiff, The American Railroad Co. of Porto Rico, shall pay to the defendant, Vicente Quiñones, the sum of $75, which is the price fixed in the complaint for the said land and to which the court must adhere without taking into consideration anything that may have been decided in previous proceedings, without special imposition of costs."

The defendant, pleading the provisions of section 140 of the Code of Civil Procedure, asked to be relieved from the judgment rendered, which request was denied by an order dated August 24, 1910, and from this order an appeal was also taken.

"The Supreme Court is without jurisdiction of an appeal from an order refusing to set aside a judgment or order itself appealable." *(Eureka, etc., R. R. Co.* v. *McGrath,* 74 Cal., 49; *in re Get Joung,* 90 Cal., 77, and other cases cited in Pomeroy, Codes of Cal., Ann. Civil Procedure, p. 939.)

"When a judgment or order is itself appealable the appeal must be taken from such judgment or order and not from a subsequent order refusing to set it aside." (*Goyhinech* v. *Goyhinech,* 80 Cal., 409.)

Therefore, in view of the provisions of section 295 of our Code of Civil Procedure, and in consideration of the cir-

cumstances of this case, we must dismiss the appeal from the order of August 24, 1910, and confine ourselves to a consideration of the appeal taken from the judgment and dispose of the same on its own merits.

We shall first consider the demurrer to the complaint and then take up the question as to whether or not judgment should have been rendered definitely disposing of the case, and, finally, we shall consider the judgment itself.

The allegation that the court was without jurisdiction is based on the fact that the plaintiff company moved the district court for permission to amend its first complaint and this permission was granted, it being allowed to file the amended complaint as a new complaint, and that from this order of the court the defendant took an appeal which was pending in the Supreme Court, said court, therefore, being the only one that had jurisdiction of the case. Inasmuch as that appeal, if taken, could not have been allowed because the order was not appealable this argument of the defendant has no ground to stand upon.

The allegations that the complaint was ambiguous, unintelligible, and uncertain, and that it did not state facts sufficient to constitute a cause of action, are without any sound basis, in our opinion. From the facts alleged by the plaintiff in its complaint, its right to the condemnation sought is made entirely clear.

Those facts are briefly as follows: That the plaintiff is a corporation organized under the laws of the State of New York with power to do business in Porto Rico; that its purpose is to construct and own a railroad for the use of the public, to transport freight and passengers in Porto Rico; that by virtue of a franchise granted by the Executive Council of Porto Rico on October 28, 1901, a copy of of which is attached to the complaint, it operates a railroad between Ponce and San Juan, passing through San Germán and Mayagüez; that for the purpose of constructing a branch for the use of the public, to transport freight and passengers

from a point on the main line, between the stations of San Germán and Hormigueros, it sought and obtained a franchise from the Executive Council of Porto Rico under date of March 5, 1908, approved by the Governor and the President of the United States, a copy of which is likewise attached to the complaint; that having accepted the said franchise it constructed the said branch, for which it was necessary to use a strip of land of 2,844.40 square meters, which is described in full; that it attempted to buy said strip of land from its owner, the defendant, but he refused to sell the same; that it sought to condemn, and did condemn, the said strip of land; but the proceedings were set aside by the Supreme Court, a copy of that court's opinion and judgment being attached to the complaint; that in accordance with the condemnation law of 1908 and the opinion of the Supreme Court, it sought and obtained from the Executive Council of Porto Rico an ordinance, a copy of which is also attached to the complaint, declaring the branch road referred to to be a public utility; that said ordinance was issued by the Council after having heard the petitioner and the defendant, and that the said strip of land is necessary for the construction of the said branch; that the value of the property which it is sought to condemn is $75; that the court, in the first hearing, fixed the value of the land and all damages and losses at the sum of $300, and that the plaintiff had deposited, subject to the order of the court, the sum of $375, and, in addition, a bond in the sum of $5,000 to cover the value of said land and any damages which the defendant might be caused thereby.

The trial court, in deciding the demurrer in this case, confined itself to overruling the same, the defendant being allowed 10 days in which to answer the complaint. An order disposing of a demurrer is not appealable. The action follows the regular course, and it is only on an appeal taken from the final judgment rendered therein that the appellate court can consider the order disposing of the demurrer.

But where a judgment is rendered upon a demurrer, then

such judgment is appealable because it finally disposes of the suit.

In this case it appears that, for the purposes of the demurrer, the defendant admitted the truth of the facts alleged in the complaint. The court, as we have seen, disposed of the question of law therein raised adversely to the defendant and fixed the time within which the said defendant might answer the complaint.

Therefore the defendant had an opportunity to deny the facts alleged in the complaint if they were not true, but he did not do so, and in asking the court to render a final judgment therein he himself definitively submitted the case to the decision of the court upon the merits.

A judgment rendered under these circumstances is final and disposes of the action. It is called *quod recuperet,* which means "that the plaintiff recover." (See 1 Black on Judgments, p. 19.)

Now, does the judgment rendered herein conform in all respects to the facts alleged and the law applicable thereto? In our opinion it does in so far as it decrees the condemnation, but not where it orders that the defendant be awarded as his only compensation the sum of $75.

Although the plaintiff alleged that this sum was the value of the land, and that allegation must be considered to have been admitted by the defendant, the plaintiff itself assumed that damages and losses might result and asked the court to fix the total compensation which it should pay. The prayer of the complaint reads as follows:

"Therefore your petitioner prays that it be decreed that the public service requires the condemnation of the real property hereinbefore described and that your petitioner has a right to take and possess the same for the public use hereinbefore specified, after due compensation, and that the court determine the total amount of the compensation which it must pay to the said José Vincente Quiñones for the property so taken."

In final judgments rendered in condemnation cases the

amount which the plaintiff must pay to the defendant should be fixed, including in said amount not only the value of the thing of which the property owner is deprived, but also the damages and losses occasioned thereby. We agree with the trial court that in order to fix the damages and losses of this case it could not accept as a basis the finding contained in a judgment which was in all things reversed, but the court should have afforded the defendant an opportunity to introduce evidence of damages, if any, and in view of such evidence should fix the sum to be paid by the plaintiff on that account.

In view of the foregoing the appeal taken from the order of August 24, 1910, must be dismissed and the judgment appealed from affirmed, in so far as it conforms to this opinion, and reversed in all other respects.

*Decided accordingly.*

Chief Justice Hernández and Justice Wolf concurred.

Justices MacLeary and Aldrey did not take part in the decision of this case.