[S. F. No. 5630.   Department One.—September 18, 1911.]

DAVID CONDON, Respondent, v. TIMOTHY DONOHUE, Appellant.

APPEAL—ORDER AFTER JUDGMENT—DENIAL OF MOTION FOR DIFFERENT JUDGMENT—REVIEW RENDERED IMMATERIAL.—An order made after judgment, denying defendant's motion under section 663 of the Code of Civil Procedure, to vacate the judgment, cancel the conclusions of law, and to enter a judgment in favor of the defendant, is appealable, as a special order made after final judgment. But, it is held that, as there is an appeal from the judgment, which raises the same questions as those involved in such appeal, it is not material to pass upon the appeal from such special order.

BUILDING CONTRACT—FAILURE TO RECORD WRITTEN MODIFICATION—INVALIDITY BETWEEN PARTIES—RECOVERY FORBIDDEN.—Though an original building contract was recorded, the failure to record a subsequent written modification thereof reducing the contract price, renders the contract absolutely void between the parties, under section 1183 of the Code of Civil Procedure, as it stood at the time of this controversy, and no recovery could be had thereon by either party thereto.

ID.—PART PAYMENT OF CONTRACTOR UNDER MODIFIED CONTRACT—ABANDONMENT—ACTION FOR REASONABLE VALUE—CROSS-COMPLAINT—PROPER JUDGMENT.—Where the owner made part payment under the modified contract to the contractor, who demanded payment under the recorded contract, and when refused abandoned work, and afterward sued for the reasonable value of the work done, in which action the owner by cross-complaint sought to recover damages for breach of the contract, of the amount required to complete it, under the specifications, it is held that a judgment denying such relief to the defendant, was properly rendered.

ID.—CROSS-COMPLAINT BASED ON VOID CONTRACT.—The defendant's cross-complaint for damages was based on the alleged contract, which was void for want of record, and under which the statute expressly forbids him any recovery against the contractor.

ID.—MODIFIED CONTRACT FULL MEASURE OF RELIEF TO CONTRACTOR.—The modified contract was the full measure of relief due to the

contractor in an action for the reasonable value of his services; and as he had been paid in full for that portion of the modified contract price which he had earned when he abandoned the work, he was entitled to no other measure or test of his recovery.

'APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a motion to vacate a judgment, and enter a judgment for defendant upon a cross-complaint. George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

J. F. Cowdery and Wal J. Tuska, for Appellant.

E. F. Conlin and J. L. Nagle, for Respondent.

ANGELLOTTI, J.—The plaintiff, a building contractor, brought this action to recover an amount alleged to be due as the reasonable value of labor and materials furnished in the construction of a building at the corner of Hayes and Gough streets in San Francisco. The defendant relied on the claim that all of the same were furnished in pursuance of a written contract between the parties for the construction of such building for thirty three thousand dollars, that plaintiff abandoned his contract without completing the same and that he was compelled to finish the same at his own expense at a cost, reasonably incurred, of some five thousand dollars and more in excess of the contract price. By cross-complaint he sought judgment for the damage so caused. The judgment was that plaintiff take nothing and that defendant recover simply his costs. This is an appeal by defendant on the judgment-roll from the judgment and from an order made after judgment denying defendant's motion made under section 663 of the Code of Civil Procedure to vacate the judgment, annul the conclusions of law, and enter a judgment in favor of defendant for $5,578.80 as well as costs.

It is urged that the order last referred to is not an appealable order. It is immaterial in this case whether it is or not, in view of the fact that there is an appeal from the judgment, and the questions involved on the appeal from the order are likewise presented on the appeal from the judgment. But it has been held that such an order is appealable, as a special

order made after final judgment. (*Rahmel* v. *Lehndorff*, 142 Cal. 681, [100 Am. St. Rep. 154, 65 L. R. A. 88, 76 Pac. 659]; *Bond* v. *United R. R.*, 159 Cal. 270, [113 Pac. 366].)

The facts found, so far as material here, are as follows: Plaintiff orally agreed to construct the building, according to plans and specifications prepared by himself, for thirty three thousand dollars. On February 28, 1907, he presented to defendant a written contract for execution, in which contract the price stated was thirty-five thousand dollars. Objection being made to the price stated, plaintiff said that he put it at thirty-five thousand instead of thirty-three thousand dollars "because $33,000 would look too cheap, and he would give a private contract." Thereupon the paper was signed by the parties with thirty-five thousand dollars specified as the contract price, and defendant on the same day filed the same for record in the office of the county recorder. About twenty minutes after this paper was executed plaintiff wrote and delivered to defendant a private memorandum which was never filed for record. By this paper, plaintiff agreed to complete said building for the sum of thirty three thousand dollars. Undoubtedly this paper constituted a part of the written contract between the parties. On March 1, 1907, plaintiff commenced work on the building, and continued such work until May 2, 1907, when the frame was up. Completion to this stage entitled him under the terms of the contract, to one eighth of the contract price, and a dispute arose between the parties as to whether the true contract price was thirty five thousand dollars or thirty three thousand dollars. Defendant paid plaintiff $4,125, which was on the basis of a contract price of thirty three thousand dollars, and refused to pay more. Plaintiff then, on May 2, 1907, abandoned his contract, having paid for work, labor, and materials furnished an aggregate sum of $3,044.75. He had contracted to pay for lumber already delivered $5,934.78, and for mill work to be subsequently delivered and which was delivered, fifteen hundred dollars, both of which amounts defendant subsequently paid. On May 13, 1907, defendant commenced work on said building, and completed it, according to the plans and specifications, on September 6, 1907. In so completing the contract, the defendant used the materials delivered under contracts made by plaintiff. The cost of the building to defend-

ant, including the $4,125 paid to plaintiff, was $38,578.90, and this expenditure by defendant was reasonable in amount.

Upon these facts, the trial court concluded as matter of law that defendant's "neglect to file the $33,000 modification part of the contract in the office of the county recorder of the city and county of San Francisco where the property is situated, made the contract wholly void and no recovery shall be had thereon by either party thereto."

Defendant's claim is that upon the facts found, it should be held as matter of law that the contract is valid between the parties and that, consequently, he is entitled to recover the damage occasioned him by plaintiff's failure to complete the same, viz: the difference between the agreed price of thirty · three thousand dollars and the actual cost of the building. It is not disputed that if the contract may be regarded as valid between the parties, the facts found entitle defendant to the amount claimed as damages for the breach thereof.

The conclusion of the lower court that the contract was wholly void and that no recovery could be had thereon by either party was based, of course, on the provisions of section 1183, of the Code of Civil Procedure, as it stood at the time of the transaction in question. That section is contained in title IV of part III of the Code of Civil Procedure, which title is entitled "Enforcement of Liens" and in chapter II of such title, entitled "Liens of Mechanics and Others upon Real Property." The section, after providing for a lien in favor of persons performing labor upon or furnishing material in the matter of the construction of a building, etc., which lien shall extend to the entire contract price, requires that every such contract shall be in writing when the amount agreed to be paid thereunder exceeds one thousand dollars, and that the same or a memorandum thereof setting forth certain things, "shall, before the work is commenced, be filed in the office of the county recorder of the county, or city and county, where the property is situated, . . . ; *otherwise, they shall be wholly void, and no recovery shall be had thereon by either party thereto;* and in such case, the labor done and materials furnished by all persons aforesaid, except the contractor, shall be deemed to have been done and furnished at the personal instance of the owner, and they shall have a lien for the value thereof." (The italics are ours.) It cannot

seriously be questioned that there was, in view of the facts found, a failure to comply with the provisions of this section, and the question is as to the effect of the portion of the section that we have italicized, where the rights of any party other than the owner and the contractor are in no way involved. May the contract be treated as valid as between the parties thereto?

Defendant's claim for damages is, of course, based on the alleged contract. He is seeking damages for the breach thereof on the part of plaintiff, and his cause of action therefor is one *on* the alleged contract. The portion of section 1183 of the Code of Civil Procedure that we have heretofore quoted expressly provides that if the provisions of such section as to the filing of the contract in the recorder's office are not complied with the contract shall be wholly void *"and no recovery shall be had thereon by either party thereto."* Language more clearly precluding any action by either party on the contract in the event of non-compliance with such provision could not have been chosen by the legislature, and unless we can find some warrant for the conclusion that the provision is not applicable where the rights of lien claimants are not involved, the effect is necessarily to prevent a recovery of damages by defendant upon the facts shown by the findings. No such warrant can be found, based upon any reasonable construction of the language used. To our minds, it is plain that the provision is in the nature of a penalty imposed upon parties for failure to comply with provisions of the lien law designed to protect the rights of sub-contractors, materialmen, artisans, and laborers. It was apparently considered essential to such protection that where the contract price exceeds one thousand dollars, such contract or a memorandum thereof, showing certain specified things, be filed in the county recorder's office prior to the commencement of the work. That the legislature might lawfully require such filing in furtherance of such purpose, and declare the contract unenforceable unless it be so filed, without unlawfully invading the right of contract, cannot be doubted. "The legislature may prescribe the form in which contracts shall be executed, in order that they may be valid or binding" (*Stimson Mill Co.* v. *Braun,* 136 Cal. 122, 125, [89 Am. St. Rep. 116, 57 L. R. A. 726, 68 Pac. 481], and unless an attempted provision in that behalf is manifestly

CLX Cal.—48

without foundation in reason, it cannot be nullified by the courts. The fact that the provision is contained in the part of our statute law relating to liens and the manner of their enforcement does not warrant a construction confining its operation to those cases where the rights of lien claimants are involved. It is a part of the general plan devised for the protection of possible lien claimants, and is very properly placed in the title of the Code of Civil Procedure relating to such matters.

The decisions of this court are not opposed to our conclusion as to the effect of this provision, but, on the contrary, support it. Certain of the earlier decisions, which are reviewed and considered in the later case of *Laidlaw* v. *Marye,* 133 Cal. 170, [65 Pac. 391], were apparently to the effect that, in the event of non-compliance with the provisions of section 1183 of the Code of Civil Procedure, not only were both parties precluded from any action on the contract, but also that the provisions of the contract could not be relied upon by the owner as constituting the measure of the contractor's recovery in an action *in assumpsit* for the labor and materials furnished by him, or as forbidding a recovery by him where the special contract under which the work was done and materials furnished had not been complied with. In *Laidlaw* v. *Marye,* 133 Cal. 170, [65 Pac. 391], the earlier decisions were reviewed, and it was concluded that the true rule in such a case is, not that the contract is valid and binding between the parties in the sense that either party may enforce its terms as against the other, for the language of the statute expressly prohibits any action looking to that end, but simply that, as it could not have been intended to give to the contractor in such a case greater rights as against the owner than would have been his had he complied with the law in the matter of filing the contract for record, in any action brought by him for the reasonable value of the labor and materials furnished, the only action remaining to him in view of the statutory provision, the contract must remain, to use the language of this court, *"not the basis of his recovery,* but the measure and test of his right to recover." (*Laidlaw* v. *Marye,* 133 Cal. 170, [65 Pac. 391].) (The italics are ours.) It is declared that he may not recover for something which the owner never, in fact, ordered or contracted for, and that he

will not be allowed to recover as the reasonable value of the labor and material furnished a sum in excess of that specified in the attempted contract. In other words, according to *Laidlaw* v. *Marye*, 133 Cal. 170, [65 Pac. 391], the contractor "must still show a substantial compliance with its terms to warrant any recovery at all, and the measure of his recovery, even under implied *assumpsit*, must be limited, as to him, by the contract price." In the case just cited the contractor was denied recovery in an action for the reasonable value of materials and labor because there was a substantial variance, to the damage of the owner, between the work called for by the unrecorded contract and the work done, and the failure to complete the work so called for had not been waived or excused in any way. There is nothing in the opinion intimating that the court entertained the view that either party could maintain any action on the contract as the defendant here seeks to do by virtue of his counterclaim and cross-complaint. The language of the opinion is most carefully guarded in this respect, indicating very clearly the views of the justices concurring that, as was substantially stated in a quotation therein from *Barker* v. *Doherty*, 97 Cal. 10, [31 Pac. 1117], it is apparent from a cursory reading of the statutory provision that the contract is void as forming the basis of a recovery, and that no legal liability can be created by any of its provisions. The later case of *Sullivan* v. *California Realty Co.*, 142 Cal. 201, [75 Pac. 767], was an action in equity by the owner against the contractor to cancel a building contract which had not been properly filed for record. The contractor had already furnished materials and begun work, and there was no offer by the plaintiff to pay for this work or material or to place the defendant in his former position. One of the grounds of the decision in favor of the contractor was simply, that, as held in *Laidlaw* v. *Marye*, 133 Cal. 170, [65 Pac. 391], as between him and the owner the contract must remain, not the basis of recovery by him, but the measure and test of his recovery, and so remaining, the owner was not entitled to have the same canceled. The opinion of Judge Cooper in that case cannot be taken as deciding more than this. Portions of the opinion of the district court of appeal of the second district in *Los Angeles etc. Co.* v. *Higgins*, 8 Cal. App. 514, 526, [97 Pac. 414], are in conflict with the views we have stated, but

this court expressly withheld its approval from such portions, and denied a rehearing here solely because they were not essential to the judgment given by that court.

There is nothing in the provisions of section 1202 of the Code of Civil Procedure to assist defendant. That section refers to an entirely different case, a case where the entire contract, as written, is properly filed in the recorder's office, but, as written, fails, by design of the parties, to state the real consideration. The provision of section 1183 applied in this case precludes any action *on the contract* in every case where there has been a failure to file the whole of the written contract, and it is entirely immaterial whether a court may feel that the omission was of such a nature that no right was in fact prejudiced thereby.

It thus appears that the learned judge of the trial court, was correct in his conclusions of law, and that the judgment given is supported by the findings of fact.

The judgment and order appealed from are affirmed.

Shaw, J., and Sloss, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.