[Civ. No. 4403. Second Appellate District, Division Two.—November 9, 1923.]

EMMA J. WESTERVELT, Respondent, v. NORA McCULLOUGH, Appellant.

[1] APPEAL—DENIAL OF MOTION TO VACATE JUDGMENT AND ENTER DIFFERENT JUDGMENT.—An order denying a motion, made under section 663 of the Code of Civil Procedure, to set aside a judgment and enter another and different judgment is an appealable order.

MOTION to dismiss an appeal from an order of the Superior Court of Los Angeles County. Thomas O. Toland, Judge. Motion denied.

The facts are stated in the opinion of the court.

Walter M. Campbell and Peyton H. Moore for Appellant.

William Hazlett and Merton A. Albee for Respondent.

FINLAYSON, P. J.—Respondent moves to dismiss the appeal, which was taken from an order denying a motion made by defendant in the trial court under section 663 of the Code of Civil Procedure, namely, a motion in that court to set aside its judgment, amend its conclusions of law, and enter another and different judgment. No appeal has been taken from the judgment. Respondent claims that an order *denying* a motion to set aside the judgment and to enter

another and different judgment is not an appealable order. Hence her motion to dismiss this appeal.

[1] An order denying a motion made under section 663 is unquestionably a special order made after final judgment, and as such is appealable under section 963—unless there be some good reason for holding otherwise. Because in section 663a the legislature expressly provided that an order *granting* such a motion may be reviewed on appeal in the same manner as a special order made after final judgment, respondent argues that, under the familiar rule of construction, *expressio unius est exclusio alterius,* it should be held that the lawmakers did not intend that there should be a right of appeal from an order *denying* the motion. To support this view respondent cites *Modoc Co-operative Assn.* v. *Porter,* 11 Cal. App. 270 [104 Pac. 710]. It is true that certain *dicta* may be found in the opinion in that case which seem to give color to respondent's contention; but since that case was decided our supreme court has stated unequivocally that an order denying a motion made under section 663 is appealable under section 963, as a special order made after final judgment. (*Bond* v. *United Railroads,* 159 Cal. 270 [Ann. Cas. 1912C, 50, 48 L. R. A. (N. S.) 687, 113 Pac. 366]; *Condon* v. *Donohue,* 160 Cal. 749 [118 Pac. 113].) The rule thus announced is binding here.

The motion to dismiss the appeal is denied.

Works, J., and Craig, J., concurred.

A petition for a rehearing of this cause was dismissed by the district court of appeal on December 4, 1923.