[Civ. No. 4288.   Second Appellate District, Division One.—March 21, 1925.]

ANDREW ANDREOLI, Respondent, v. WILLIAM M. HODGE, Appellant.

[1] APPEAL—DENIAL OF NEW TRIAL. — There is no right of appeal from an order denying a motion for a new trial.

[2] VENDOR AND VENDEE — AGREEMENT TO LEVEL LAND — INTEGRAL PART OF CONSIDERATION.—Where the vendor of real property, in addition to his agreement to convey, covenants to level the land for alfalfa, this latter covenant is an integral and material part of the consideration for the contract.

[3] ID.—EXTENSION OF TIME—WAIVER OF DEFAULT—REASONABLE NOTICE.—Where the vendor of real property covenants to level the land for alfalfa by a specified date, but the time within which such work can be done is necessarily extended at the vendee's request, the latter waives the right to have the work completed on the specified date and thereby grants a reasonable additional time, and the vendor cannot, for the same delinquency, again be placed in default until he has first been allowed a reasonable time to perform his obligation.

[4] APPEAL—VACATION OF JUDGMENT—DENIAL OF MOTION.—An appeal lies from an order denying a motion to set aside a judgment and on the findings enter another and different judgment.

(1) 3 C. J., p. 507, n. 61.   (2) 39 Cyc., p. 1404, n. 86.   (3) 39 Cyc., p. 1432, n. 97.   (4) 3 C. J., p. 510, n. 80, p. 525, n. 18.

APPEAL from a judgment of the Superior Court of Imperial County.   Franklin J. Cole, Judge.   Reversed.

The facts are stated in the opinion of the court.

Harry W. Horton for Appellant.

Charles E. Scott for Respondent.

CONREY, P. J.—Action to establish rescission of a contract of purchase of real property and to recover money paid on account of that contract.   The defendant gave notice of appeal from the judgment; and from an order denying de-

1.  See 2 Cal. Jur. 174.

fendant's motion for a new trial; and from an order denying
defendant's motion to vacate the judgment, and that an-
other and different judgment be entered. [1] There is no
right of appeal from an order denying a motion for a new
trial. (Code Civ. Proc. sec. 963.) Also there is no right of
appeal from an order denying a motion to set aside a judg-
ment and on the findings enter another and different judg-
ment. Section 663a of the Code of Civil Procedure provides
that an order of the court granting such motion may be re-
viewed on appeal. By implication it was intended that there
be no appeal where such motion is denied. This is in ac-
cordance with the decisions to the same effect, which are
based upon the reason that the same questions may with
equal effect be reviewed on appeal from the judgment.
(*Eureka etc. R. R. Co.* v. *McGrath,* 74 Cal. 49 [15 Pac. 360];
*Modoc Co-operative Assn.* v. *Porter,* 11 Cal. App. 270, 271
[104 Pac. 710].)

The appeal from the judgment comes before us on the
judgment-roll alone. The facts as found by the court are
as follows: On November 27, 1920, the plaintiff and the
defendant Hodge, appellant herein, entered into a contract
in writing whereby the plaintiff agreed to buy from said
defendant, and the defendant agreed to sell to plaintiff a
certain forty-acre tract of land, for the agreed sum of $4,500,
payable $500 then and $1,500 on January 1, 1921. These
moneys were to be placed in escrow with The People's Ab-
stract and Title Company. Hodge was to execute a deed to
the plaintiff, and plaintiff was to execute in favor of Hodge
a note payable $1,000 on January 31, 1922, and $1,500 on
January 1, 1924, said note to bear interest at seven per cent
per annum from the date of giving possession of said prop-
erty; said deferred payments to be secured by trust deed.
It was also provided in the contract as follows: "Hodge
agrees to properly level for alfalfa all of said land, and to
deliver same to Andreoli not later than February 1, 1921,
clear of all encumbrances."

On January 1, 1921, defendant extended the time for pay-
ment of the $1,500 agreed to be paid into escrow on that
day, to February 1, 1921. On November 29, 1920, plaintiff
paid into escrow said sum of $500, but he paid no further
sum and did not execute said note and trust deed. On De-
cember 11, 1920, Hodge executed and deposited in escrow

a deed to plaintiff of said property free of encumbrance. On December 26, 1920, defendant started with the work of leveling said property by leveling the same into two fields with lands for irrigation 660 feet in length. Tracts either 660 feet or 1,320 feet are proper length for alfalfa. Plaintiff, after defendant Hodge had started leveling said land, suggested that defendant Hodge level the land in one field "in lands of 1,320 feet in length." To do this required more time and expense, and defendant Hodge so advised plaintiff. Nevertheless, at plaintiff's suggestion, defendant Hodge proceeded with the work of so leveling said property in 1320-foot lengths.

On January 31, 1921, with full knowledge of the then extent of the work yet required to be done to complete the leveling of the property and the condition of the property in that respect at that time, the parties jointly ordered the application and payment to one Sharp of $100 out of the said $500 then on deposit in escrow. Thereafter, on February 16, 1921, without any previous written notice or request that said leveling be completed within any time, plaintiff served written notice on defendant Hodge that plaintiff then withdrew from said contract to purchase said land and rescinded the same because the said land was not then properly leveled for alfalfa and because possession of said land was not given. Thereafter on March 19, 1921, this action was commenced.

On February 1, 1921, said land was not properly leveled for alfalfa. Defendant Hodge, with plaintiff's consent, continued with leveling of same until February 16th. On said February 16th defendant Hodge was ready, able, and willing to complete the leveling of said land for alfalfa, and was then engaged in the completion and could and would have had the same so completed for alfalfa within from two to three weeks thereafter, "within time for the planting of alfalfa on said land without ordinary material difference in such delay, but with material difference for plaintiff's purposes."

On February 1, 1921, plaintiff was ready, able, and willing to pay into escrow the sum then due and to execute said note and said trust deed, but did not perform any of the things called for by the contract then by him to be performed, because of defendant Hodge's failure to perform according

to contract, and on February 16, 1921, was unwilling to perform any of the terms of said contract because of the failure of defendant Hodge to properly level said land for alfalfa or to give possession thereof. Defendant Hodge did not continually level said land after commencing work thereon. Said land could have been properly leveled for alfalfa not later than February 1, 1921, had defendant Hodge continually worked thereon. On February 16, 1921, plaintiff demanded of defendant Hodge the return of said $100 so jointly ordered paid from the money in escrow and the release of the $400 still in escrow, and demanded of said company the return of said balance of $400. Said demand was refused, and said moneys have not been paid. On February 16, 1921, only twenty acres of said forty-acre piece of land was properly leveled for alfalfa.

On the foregoing facts the court determined that the plaintiff was entitled to rescind and was entitled to recover said sum of $400. Accordingly judgment was entered in favor of plaintiff in the sum of $400 and costs. It is from this judgment that the defendant appeals.

[2] Appellant contends first that the covenant to level the land was an independent covenant, purely incidental to the principal purpose of the sale; that this covenant was not an essential part of the consideration or a condition precedent or dependent in its relation to the main contract. But we think that the covenant in question was an integral and material part of the consideration for the contract. It has been so held in analogous cases, where the vendor, in addition to his agreement to convey, agreed to construct and complete roads, or street improvements, on the property sold. (*Blahnik* v. *Small Farms Improvement Co.*, 181 Cal. 379 [184 Pac. 661]; *Walker* v. *Harbor Business Blocks Co.*, 181 Cal. 773 [186 Pac. 356]; Civ. Code, sec. 1689.) We perceive no reason why the same principle does not apply in the instant case.

[3] Appellant contends next that time was not of the essence of the contract, or that if time was of the essence thereof, and, if, therefore, the time limited for completion of the leveling of the land was February 1, 1921, nevertheless the right of plaintiff to insist on absolute performance by that date was waived, and therefore could not be revived except upon notice and demand and a reasonable time al-

lowed for performance. This last contention, in our opinion, must be sustained. The facts found by the court, whereby the time within which the leveling of the land could be done was necessarily extended at plaintiff's request, constituted a waiver of the right to have the work completed on that date, and thereby granted a reasonable additional time. Whenever such waiver has occurred, the party from whom performance is due cannot, for the same delinquency, again be placed in default, until he has first been allowed a reasonable time to perform his obligation. (*Newell* v. *E. B. & A. L. Stone Co.,* 181 Cal. 385, 388 [9 A. L. R. 993, 184 Pac. 659].) On the facts as they appear by the record, no right of rescission had accrued.

The judgment is reversed, and the superior court is directed to enter judgment in favor of the defendant. The appeals from the orders are dismissed.

Houser, P. J., and Curtis, J., concurred.

On April 20, 1925, the district court of appeal filed the following amendment to the opinion in this cause:

THE COURT.—Amendment to opinion. [4] Since the decision herein was filed our attention has been called to the fact that since the time of the decisions to which we referred as indicating that there is no right of appeal from an order denying a motion to set aside a judgment and on the findings enter another and different judgment, later decisions have determined that there is such right of appeal. (*Condon* v. *Donohue,* 160 Cal. 749, 750 [118 Pac. 113]; *Westervelt* v. *McCullough,* 64 Cal. App. 362 [221 Pac. 661].) But inasmuch as on appeal from the judgment the judgment was reversed, and the defendant has obtained the same relief which was sought by the motion, he has suffered no injury by the dismissal of his appeal from the order.

Respondent's petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 18, 1925.

All the Justices concurred.