[Civ. No. 5121. Second Appellate District, Division One.—September 2, 1927.]

MAX GITTELSON, Respondent, v. JOSEPHINE E. GANDOLFO, Appellant.

H. A. Massey and Peyton H. Moore for Appellant.

Shapiro & Shapiro for Respondent.

YORK, J.—Respondent claims that an order refusing to set aside judgment and to enter a different judgment on the findings is not appealable.

The notice of motion to vacate judgment, an appeal from the ruling on which is the matter now before this

court on appeal, is a somewhat lengthy and somewhat complicated notice of motion, and recites that it is made under the provisions of sections 663 and 663a of the Code of Civil Procedure. The cases cited by the respondent in his motion to dismiss the appeal were apparent authority for the contention of plaintiff in his motion to dismiss. However, in the later case of *Bond* v. *United Railroads of San Francisco*, 159 Cal. 270, 273 [Ann. Cas. 1912C, 50, 48 L. R. A. (N. S.) 687, 113 Pac. 366], the court says:

"The order made after judgment, denying the motion to vacate the judgment and render a judgment consistent, as plaintiff claimed, with the answers of the jury to the question put to it, is clearly an appealable order. By section 963 of the Code of Civil Procedure, an appeal may be taken from any special order made after final judgment. This order is one of that kind. It is an order authorized by section 663 of the Code of Civil Procedure. Section 663a of the Code of Civil Procedure declares that an order *'granting* such motion may be reviewed on appeal in the same manner as orders made on motions for a new trial.' This was intended either to authorize a review of such an order on appeal from the judgment afterward made in pursuance of it, or to authorize a direct appeal from the order itself. In either case it should not be construed so as to affect the right given by section 963 to appeal from an order *denying* the motion, as from an order made after judgment. Respondent's position in that behalf is untenable."

The sole question ruled on by the court in the case of *Westlervelt* v. *McCullough*, 64 Cal. App. 362 [221 Pac. 661], was whether an appeal on the identical grounds stated herein would lie. As to this question they say:

"An order denying a motion made under section 663 is unquestionably a special order made after final judgment, and as such is appealable under section 963—unless there be some good reason for holding otherwise. Because in section 663a the legislature expressly provided that an order *granting* such a motion may be reviewed on appeal in the same manner as a special order made after final judgment, respondent argues that, under the familiar rule of construction, *expressio unius est exclusio alterius,* it should be held that the lawmakers did not intend that there should be a right of appeal from an order denying the motion. To sup-

port this view respondent cites *Modoc Co-operative Assn.* v. *Porter,* 11 Cal. App. 270 [104 Pac. 710]. It is true that certain *dicta* may be found in the opinion in that case which seem to give color to respondent's contention; but since that case was decided our supreme court has stated unequivocally that an order denying a motion made under section 663 is appealable under section 963, as a special order made after final judgment. (*Bond* v. *United Railroads,* 159 Cal. 270 [Ann. Cas. 1912C, 50, 48 L. R. A. (N. S.) 687, 113 Pac. 366]; *Condon* v. *Donohoe,* 160 Cal. 749 [118 Pac. 113].) The rule thus announced is binding here.''

In the amendment to the opinion in the case of *Andreoli* v. *Hodge,* 71 Cal. App. 762 [236 Pac. 333], said amendment appearing on page 766 thereof, the court says:

''Since the decision herein was filed our attention has been called to the fact that since the time of the decisions to which we referred as indicating that there is no right of appeal from an order denying a motion to set aside a judgment and on the findings enter another and different judgment, later decisions have determined that there is such right of appeal. (*Condon* v. *Donohoe,* 160 Cal. 749, 750 [118 Pac. 113]; *Westervelt* v. *McCullough,* 64 Cal. App. 362 [221 Pac. 661].)''

The motion made in the instant case in the lower court did request, in addition to other relief, the same identical form of relief as was requested in the case of *Westervelt* v. *McCullough, supra.*

The motion to dismiss is denied.

Conrey, P. J., and Houser, J., concurred.