[L. A. No. 20832. In Bank. Sept. 16, 1949.]

OLIVIA SOCOL, as Administratrix With the Will Annexed, etc., Appellant, v. LOUIS KING, Respondent.

Porter C. Blackburn and Shelby Lee Chambers for Appellant.

Chas. T. Rippy for Respondent.

TRAYNOR, J.—Respondent moves to dismiss plaintiffs' appeals from a judgment of the superior court and from an order denying their motion to vacate the judgment and enter a new and different judgment under section 663 of the Code of Civil Procedure.

All of the following events took place in 1948. Judgment was entered in the trial court on April 28th. Notice of entry was filed by respondents on May 8th and by appellants on May 24th. On May 17th, appellants filed notice of intention

*Assigned by Chairman of Judicial Council.

to move for an order vacating the judgment and entering a new and different judgment under subdivision 1 of section 663 of the Code of Civil Procedure.* On September 13th, the trial court filed a written order denying the motion. Appellants filed on September 24th, a notice of appeal from the judgment and on October 16th, a notice of appeal from the order denying the motion to vacate the judgment. Respondent moves to dismiss the appeals on the grounds that (1) the appeal from the judgment was taken too late and (2) the order denying the motion to vacate under section 663 is not an appealable order.

1. *The appeal from the judgment.* Rule 3(b) of the Rules on Appeal provides: "When a motion to vacate a judgment or to vacate a judgment and enter another and different judgment is made by any party on any ground within 60 days after entry of judgment, (1) if the motion is denied or not decided by the superior court within 120 days after the entry of the judgment, the time for filing the notice of appeal from the judgment is extended for all parties until 30 days after entry of the order denying the motion to vacate or 120 days after entry of the judgment, whichever shall be less."

The 120th day after the entry of the judgment was August 26th. Under rule 3(b) an appeal from the judgment had to be filed by that time, and the notice of appeal filed on September 24th was therefore too late. Appellants contend, however, that the purpose of rule 3(b) was not to establish an ultimate limit of 120 days from the entry of the judgment within which an appeal might be taken but to grant 30 days additional time from the denial of the motion however that denial might occur. It is urged that the rule be read as granting an extension of 30 days after denial of the motion *"or after* 120 days after entry of judgment." The plain language of the rule does not admit of such construction.

Rule 3(a), relating to extension of time to appeal from the judgment when there has been a motion for new trial, provides: "When a valid notice of intention to move for a new

---

*"A judgment or decree, when based upon findings of fact made by the court . . . may, upon motion of the party aggrieved, be set aside and vacated by the same court and another and different judgment entered, for either of the following causes . . .

"1. Incorrect or erroneous conclusions of law not consistent with or not supported by the findings of fact; and in such case when the judgment is set aside, the conclusions of law shall be amended and corrected."

trial is served and filed by any party within 60 days after entry of judgment, (1) if the motion is denied, the time for filing the notice of appeal from the judgment is extended for all parties until 30 days after denial of the motion by order of court or by operation of law.'' This rule accomplishes by its express terms the result that appellants would reach by their construction of rule 3(b). It is reasonable to assume that had the Judicial Council intended to accomplish that result in section (b) of rule 3 it would have expressed that intention as it did in section (a). The failure to do so indicates that this was not the intention of the council in adopting rule 3(b) as written.

It must be conceded that the operation of rule 3(b) as it is presently written may constitute a pitfall for the unwary. Before the adoption of the rules, a motion to vacate the judgment under section 663 did not extend the time for appeal from that judgment. Consequently, an appellant who wished to preserve his right of appeal when the trial court did not act on the motion had to invoke the slower and more costly method of appeal from the judgment, even though in doing so, he deprived the trial court of jurisdiction to act on the motion and to correct its own error. (*Patch* v. *Miller,* 125 Cal. 240 [57 P. 986] ; *Parkside Realty Co.* v. *MacDonald,* 167 Cal. 342 [139 P. 805] ; *Sacks* v. *Superior Court,* 31 Cal.2d 537 [190 P.2d 602] ; *Modoc Cooperative Assn.* v. *Porter,* 11 Cal.App. 270 [104 P. 710] ; *In re Shafter-Wasco Irrigation District,* 55 Cal.App.2d 484 [130 P.2d 755].) It was sought, in the adoption of rule 3, to eliminate the necessity for this costly double-barrelled attack upon the judgment. Insofar as motions for new trial are concerned, rule 3(a) accomplishes that result. Rule 3(b), however, does not. '' [W]here the court fails to rule on the motion within 120 days after entry of the judgment: the time to appeal is extended to 120 days after entry of the judgment, the identical period. In other words, the extension expires as soon as it begins and counsel must therefore file notice of appeal before the end of the 120 days if the court does not act.'' (Witkin, *New Rules on Appeal,* 17 So.Cal.L.Rev. 81, 98.) Although appellants choose initially to avail themselves of the more inexpensive and expeditious method of asserting the defect, they must nevertheless file their notice of appeal within 120 days after entry of judgment, if the court fails to rule on the motion before that time. The rule should be amended so that future appellants will not

experience the same difficulty.* Such amendment, however, must come from the Judicial Council, and cannot be accomplished by a strained construction of the plain language of the rule.

In *Spotton* v. *Superior Court,* 177 Cal. 719 [171 P. 801], decided before the adoption of the Rules on Appeal, the court dismissed an appeal from the judgment taken more than 60 days after entry thereof notwithstanding the pendency of a motion under section 663, stating that the pendency of the motion did not extend the time for appeal. This 60-day limit was extended to 120 days by rule 3(b), but the time to appeal from the judgment was not otherwise affected. Since appellants, notwithstanding their pending motion for vacation of the judgment, failed to file notice of appeal from the judgment within this extended time, the appeal from the judgment must be dismissed.

 2. *The appeal from the denial of the motion.* This operation of rule 3(b) does not, however, leave an appellant who has failed to take a timely appeal from the judgment completely remediless. Section 963 of the Code of Civil Procedure provides, in part, that an independent appeal may be taken from ". . . any special order made after final judgment . . ." Respondent contends that the order in question does not come within the section, but he cites no cases and we have found none that supports this contention.

It will be noted that section 663a provides for an appeal from an order granting such a motion, but is silent on the subject of an appeal from an order of denial. Accordingly, it might be contended that it was not intended to provide for an appeal in such case, under the general rule that there can be no appeal from an order of denial of a motion to vacate when the same grounds are available on an appeal from the judgment. It was so held in *Modoc Cooperative Assn.* v. *Porter,* 11 Cal.App. 270 [104 P. 710], a case strongly relied upon by respondent. The later decisions, however, have established the rule that an order of denial of a motion to vacate under section 663 is appealable, notwithstanding that the same grounds could be urged on an appeal from the judgment. (*Winslow* v. *Harold G. Ferguson Corp.,* 25 Cal.2d

---

*Amending rule 3(b) to read: ". . . the time for filing the notice of appeal from the judgment is extended for all parties until 30 days after entry of the order denying the motion to vacate or *150* days after entry of the judgment, whichever is less" would eliminate the difficulties involved in the present rule and make the extension pattern consistent with that embodied in rule 3(a).

274 [153 P.2d 714] ; *Funk* v. *Campbell,* 15 Cal.2d 250 [100 P.2d 762] ; *California Delta Farms, Inc.* v. *Chinese-American Farms, Inc.,* 201 Cal. 201 [255 P. 1097] ; *Bond* v. *United Railroads,* 159 Cal. 270 [113 P. 366, Ann.Cas. 1912C 50, 48 L.R.A.N.S. 687].; *Karsh* v. *Superior Court,* 124 Cal.App. 373 [12 P.2d 658] ; *Westervelt* v. *McCullough,* 64 Cal.App. 362 [221 P. 661] ; *Potter* v. *Pigg,* 35 Cal.App. 707 [170 P. 1066].)

▮ The denial of the motion herein was on September 13th, and the notice of appeal, coming within 60 days thereafter, was timely and valid. (See *Rounds* v. *Dippolito, ante,* p. 59 [206 P.2d 1083].)

*Estate of Corcofingas,* 24 Cal.2d 517 [150 P.2d 194], and *Estate of O'Dea,* 15 Cal.2d 637 [104 P.2d 368], relied upon by respondent, do not support his contention. These cases were decided under Probate Code, section 1240, which enumerates specifically what judgments and orders in probate matters are appealable. That section has no application to appeals from judgments or orders in ordinary civil proceedings, which are controlled by Code of Civil Procedure, section 963.

The expiration of the 120-day limit terminated the extension of time within which an appeal could be taken from the judgment under rule 3(b). It did not purport to affect the power of the trial court to rule on the motion to vacate the judgment, and the statutes prescribe no time limit within which the power must be exercised. The formal order of September 13th denying the motion was, therefore, an order of denial appealable as a special order after final judgment under section 963.

▮ Finally, respondent urges that even though the order is otherwise appealable, the appeal should be dismissed because appellants failed to comply with section 663a in that their notice of intention to move for an order vacating the judgment did not specify the time the motion would be made, and because the motion was not made orally in open court within 60 days, under rule 3(b). Appellants' reply brief clearly discloses the reasons for failure to comply. It appears that the trial judge was temporarily on duty in Los Angeles County, from his home county of Lassen to which he returned periodically, and it was not certain that he would be available to hear the motion. Accordingly, subsequent to the filing of the notice of intention, all parties stipulated that they would dispense with the oral presentation of the motion, and would submit it to the trial judge on points and authorities. In view of this stipulation, and the fact that the motion was in fact

submitted to the trial judge in the stipulated manner within 60 days, it must be held that there has been substantial compliance with these requirements. (*Estate of Grivel*, 208 Cal. 77, 81 [280 P. 122].)

The appeal from the judgment is dismissed. The motion to dismiss the appeal from the order denying the motion to vacate the judgment is denied.

Gibson, C. J., Edmonds, J., and Spence, J., concurred.

CARTER, J.—I dissent.

The only rational and fair interpretation of rule 3(b) of the Rules on Appeal is that where the denial of a motion to vacate a judgment is not made within 120 days after the entry of judgment, then the time to appeal is extended for 30 days after the 120 days, making a total of 150 days.

The rule is fairly and reasonably susceptible of that construction. The whole purpose of it is to provide an *extension* of time to appeal where a motion to vacate a judgment is made. No extension is achieved if the time within which the motion may be passed upon and for taking an appeal expire simultaneously. If the motion is denied or not decided within 120 days, the time for filing notice of appeal is *extended* until "*30 days after* entry of the order denying the motion . . . or 120 days after entry of the judgment." Grammatically, the clause "30 days after" modifies and is applicable to *both* situations, a denial of the motion by the court and a failure to act within 120 days.

That such construction should be placed upon the rule is clear to me. It is conceded by the majority that to construe it otherwise "constitutes a pitfall for the unwary." No rule or law should be given an interpretation having that result. The injustice which may result from such an interpretation is further emphasized when we realize that it means that if the court has not ruled on the 120th day, the notice of appeal must be filed on the same day or the right to appeal is lost. But it would not be possible to file a notice of appeal on that day inasmuch as the day would have to end before it was known whether a ruling would be made, and then it would be too late to appeal. Suppose counsel does not have his office in the county seat. It may well be physically impossible for him to get his notice of appeal filed in time, even if he was notified during the 120th day that his motion to vacate had been denied.

The majority argue that since the rule as to extension of time by new trial proceedings by "express terms" provides for a maximum of 150 days within which an appeal may be taken, and the rule on vacation of judgment proceedings contains no such express provision, it cannot be so construed. This argument is squarely refuted by the following comments of one of the draftsmen of the rules: "Under our former statute, only new trial proceedings served to extend time to appeal. In view of the general policy favoring applications for relief in the trial court, the draftsman suggested that *motions made under Section 663 of the Code of Civil Procedure, which are analogous and complementary to new trial motions, should likewise receive the benefits of the extension provision.* One objection, of course, was that the statute fixes a time limit for deciding motions for new trial, but no such limit is placed upon the other type of motion. Accordingly the rule, as drafted, specifies a maximum period of 120 days after entry of the judgment, in which the motion to vacate must be made and decided, if the proceeding is to operate as an extension of time to appeal. *This period corresponds to the maximum possible under the new trial statute.*" (17 So. Cal.L.Rev. 96.) The maximum time for appealing where there are new trial proceedings is *150 days*. (*Mellin* v. *Trousdell*, 33 Cal.2d 858 [205 P.2d 1036].) To carry out the purpose, that is, to give *the same* extension where there is a motion to vacate a judgment, compels the conclusion that the maximum should be *150 days*. Correctly construed, therefore, the rule provides for a period of 30 days after the 120 days which would make a total of 150 days within which an appeal may be taken after the entry of judgment where a motion is made pursuant to the provisions of section 663 and denied on or after the 120th day.

The interpretation placed by the majority upon rule 3(b) postulates an unjust reflection upon the able and eminent jurists who constitute the Judicial Council of California and the learned and able draftsman of said rule.

I would deny the motion to dismiss the appeal from the judgment.

Schauer, J., concurred.

Respondent's petition for a rehearing was denied October 13, 1949.