[S. F. No. 8500.   In Bank.—October 8, 1919.]

## JOSEPH BLAHNIK et al., Respondents, v. SMALL FARMS IMPROVEMENT COMPANY (a Corporation), Appellant.

[1] VENDOR AND VENDEE — RESCISSION — BREACH OF COVENANT BY VENDOR—ACTION TO RECOVER MONEY PAID—PLEADING—DAMAGE FROM BREACH UNNECESSARY ALLEGATION.—In an action to recover money alleged to have been paid as a part of the purchase price of certain lands which the defendant had contracted to sell to the plaintiffs and which contract it was alleged was rescinded because of the failure of the defendant to construct certain roads as provided by the contract, the objection that plaintiffs showed no right to rescind because the complaint did not allege that they had suffered or would suffer any damage by reason of the failure to build the roads was not well taken, since the roads were a material part of the consideration which the plaintiffs were to receive under the contract.

[2] RESCISSION—FAILURE OF CONSIDERATION.—Where the consideration fails in whole or in part through the fault of the party whose duty it is to render it, the other party may rescind.

[3] VENDOR AND VENDEE—RECOVERY OF MONEY PAID—ROAD WORK REQUIRED OF VENDOR—EVIDENCE—CONVERSATIONS OF PARTIES.—Where the contract of sale was silent in regard to the character and kind of work that was to be done upon the roads, and the defendant claimed upon the trial that the only road work to be done under the contract was to construct certain bridges and the approaches thereto, the court erred in excluding parol evidence of conversations on the subject between the parties before and at the time of the execution of the contract.

[4] ID.—TAKING OF REAL PROPERTY IN PART PAYMENT—INABILITY OF VENDOR TO RESTORE—MEASURE OF VENDEE'S RECOVERY—ACTUAL

VALUE AT TIME OF EXCHANGE.—Where upon the trial of such action it was shown that the vendor had taken certain real property as part payment and that it had thereafter, but before the rescission, conveyed the property to other parties, and was not able to restore that part of the consideration, the plaintiffs were not entitled to treat the amount for which the property was taken in exchange as a payment in money upon the price of the property sold to them and to recover such amount, but they were only entitled to recover the actual value of the property at the time of the exchange.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. A. Sturtevant, Judge. Reversed.

The facts are stated in the opinion of the court.

J. L. Smith for Appellant.

John J. O'Toole for Respondents.

SHAW, J.—The defendant appeals from the judgment.

The object of the action was to recover $2,556.94, alleged to have been paid by the plaintiff, Catherine C. Blahnik, to the defendant as a part of the purchase price of certain lands which the defendant had contracted to sell to said plaintiff, which contract, it is alleged, was rescinded by the plaintiff because of the failure of the defendant to perform the covenants therein contained. The plaintiff Joseph is the husband of the plaintiff Catherine, and has no other interest in the case.

The contract of sale was executed on June 28, 1913. By its terms the defendant agreed to sell to said plaintiff four lots of land, containing about twenty-five acres, in a subdivision known as "Small Farms Improvement Tract, division R," for the sum of $3,750. It acknowledges the receipt of two thousand three hundred dollars of this price. The remainder was to be paid in installments of one hundred dollars each every six months, beginning on December 28, 1914, and continuing until the whole was paid. The unpaid portion was to bear six per cent interest, payable semi-annually from the date of the contract. It contained the following stipulation:

"The seller agrees that it will have the roads in said division 'R' constructed during the fall of 1913 after the rains or

when the ground is able to be worked. And construct the necessary bridges.''

The complaint sets forth the contract in full and alleges that the defendant failed and refused to construct the said roads; that, because of said failure and refusal, the plaintiffs, before the commencement of the action, rescinded the contract and demanded repayment of the consideration theretofore paid thereon, amounting to $2,556.94. Judgment was asked for the recovery of said sum of money.

The court found that all the allegations of the complaint were true and thereupon gave judgment for the plaintiff as prayed for. The answer denied the alleged failure and refusal to construct the roads referred to in the contract. Upon the trial the defendant claimed it had constructed the roads before the plaintiff attempted the alleged rescission. The subdivision map of the tract in which the lots were situated showed two roads forty feet wide, beginning at the county road abutting upon the north side of the tract and leading south to and beyond the plaintiff's lots. These roads afforded the only means of ingress and egress to and from the lots. Between these lots and the county road there was a creek running through the tract from east to west. It was necessary to build bridges over this creek in order to make these roads passable. Two other bridges were necessary at other points on these roads.

The defendant demurred to the complaint on the general ground that it does not state a cause of action. [1] The objection that plaintiffs show no right to rescind because the complaint does not allege that they have suffered or will suffer any damage by reason of the failure to build the roads is not well taken. The contract shows that in consideration of the price to be paid the plaintiffs were to have the lots described, with roads constructed leading thereto for access and egress. That the roads were a material part of the consideration which they were to receive is apparent. The complaint alleges that the defendant failed and refused to render this consideration within the time fixed in the contract. That part of the consideration had failed through the defendant's fault. [2] Where the consideration fails in whole or in part through the fault of the party whose duty it is to render it, the other party may rescind. (Civ. Code, sec. 1689, subd. 2.) It is also urged that the complaint is defective because it does not

describe the kind of roads nor the character of the work to be done upon them by the defendant within the time fixed in the contract. The complaint fails in this particular, but we are disposed to believe that it is a matter of uncertainty rather than insufficiency of the facts and should have been presented by demurrer for uncertainty. It is averred that the defendant failed and refused to construct the roads referred to in the contract and that the rescission was made because of said refusal. The contract itself is silent with respect to the kind of roads and the character of the work to be done thereon. Evidently that was the subject of some other agreement between the parties, either express or implied. As the case must be reversed for other reasons, we do not think it necessary to discuss this subject further or determine definitely how the objection should be raised, inasmuch as the plaintiffs may amend their complaint prior to the new trial by setting forth the agreement which they claim was made concerning the kind of roads and character of the work. This subject will be hereinafter further discussed in connection with an objection to the evidence.

Upon the trial the defendant claimed that the only road work to be done, under the agreement actually made, was the building of bridges across the creek at its intersections with the roads and at the other two places where bridges were necessary, and the making of the fills or cuts required for convenient approaches to such bridges. The bridges and approaches thereto were constructed by the defendant prior to the time of the alleged rescission, and if they complied with the contract no cause of rescission was shown. For the purpose of showing the real agreement in that respect the defendant offered evidence of conversations between its agents and plaintiff Joseph, who made the deal for his wife, before and at the time of the execution of the contract. This evidence was excluded by the court on the ground that the subject was covered by the terms of the written contract and that the admission thereof would violate the rule that a written contract cannot be varied or contradicted by parol evidence of conversations between the parties prior to or at the time of its execution. [3] This ruling was erroneous. The contract was altogether silent in regard to the character and kind of work that was to be done upon the roads. If there was any agreement on that subject, or any plan relating

thereto adopted by defendant and acquiesced in by the plaintiffs, it was not set forth in the contract. So far as appears, it was in parol only. Such an agreement would be collateral and supplemental to the contract contained in the writing, and, as parol evidence thereof would not be inconsistent with the contract and would not alter it in any respect, evidence thereof would be admissible if material to the issues. (*Sivers* v. *Sivers,* 97 Cal. 521, [32 Pac. 571]; *Daly* v. *Ruddell,* 137 Cal. 676, [70 Pac. 784]; 17 Cyc. 741.) Afterward, however, the court admitted testimony of these conversations, with the result that there was a sharp conflict in the evidence on the subject. Sufficient evidence was given on behalf of plaintiffs to sustain a finding that the bridges and necessary approaches thereto did not comprise all the work that the defendant had agreed to do in constructing the roads. The finding made by the court was in the general form that all of the allegations of the complaint were true. The complaint, as we have seen, merely alleged that the defendant had failed and refused to construct the roads referred to in the contract. It does not appear with certainty that the court adhered to its ruling that the evidence was immaterial and that the contract itself was sufficient, or whether it concluded that the evidence regarding the parol agreement sustained the contention of the plaintiffs rather than that of the defendants. Consequently, we cannot determine whether the rejection of the evidence when first offered was injurious to the defendant or not. We state our views concerning the matter for the guidance of the court below upon a new trial, if the parties proceed after the going down of the *remittitur.*

By the recitals in the contract the defendant acknowledged the receipt of two thousand three hundred dollars upon the purchase price. Upon the trial it was shown that this sum was not paid in money, but that the real transaction was an exchange of certain real property conveyed by the plaintiffs to the defendant, which property was taken by the defendant at the sum of two thousand three hundred dollars, and credited upon the contract price of the land sold by defendant to plaintiffs. Evidence was thereupon introduced concerning the value of the property so exchanged. At the highest value given to it by any witness, it would have been worth at the time the contract was executed at least three hundred dollars less than the amount for which it was credited on the contract

of sale to the plaintiffs. The court apparently disregarded this evidence and allowed the plaintiffs the full sum of two thousand three hundred dollars as a payment made upon the contract and which they were entitled to recover. It also appeared at the trial that after the contract of sale was made, but before the offer to rescind, the defendant had conveyed the property received in exchange to other parties and was not able to restore that part of the consideration. The court, apparently, proceeded upon the theory that the plaintiffs were entitled to treat the amount for which said property was taken in exchange as a payment in money upon the price of the property sold to the plaintiffs by defendant and to recover said amount upon a rescission. [4] In this the court erred. If the defendant had retained the title to the property, the most that the plaintiffs could have demanded upon the rescission would have been a reconveyance thereof to them. The defendant having parted with the title thereto, and being unable to restore the plaintiffs to the position in which they were at the time the contract was made, the rule in equity is that they must compensate the plaintiffs for the loss thereby sustained. This would not be the price at which the property had been accepted upon the contract of sale, but would be its value at that time, and it was, therefore, necessary for the court to determine such value. "Where the grantee has conveyed the property, or part of it, to another, or for other reason cannot restore it, the plaintiff is entitled to a money judgment for the value of the land, the restoration of which is thus impossible; such relief being given on the principle that the court having obtained jurisdiction will retain the case for the purpose of giving complete relief." (6 Cyc. 340.) Equity does not measure the damage by the price at which the property may have been taken in the exchange between the parties, but allows only the value of the property at the time the exchange was made. (9 Cor. Jur. 1263, sec. 211; *Forrest* v. *Wardman,* 40 App. D. C. 531; Sedgwick on Damages, 9th ed., sec. 655b.) The plaintiffs were not entitled to more than the actual value of the property at the time of the exchange. The judgment giving them the full amount at which it was taken in the contract is erroneous to the extent of the difference between the actual value and the price so fixed in the exchange. For this reason a reversal is necessary. The complaint did not raise this question, but it was put in issue by the allegations of the

answer. There should have been a finding of the actual value of the property at that time and the judgment should have covered that amount only.

The judgment is reversed.

Wilbur, J., Lennon, J., Olney, J., Melvin, J., Lawlor, J., and Angellotti, C. J., concurred.