[Civ. No. 3959.   First Appellate District, Division Two.—September 23, 1921.]

ARCHIBALD HEESOM WALKER, Respondent, v. HARBOR BUSINESS BLOCKS COMPANY (a Corporation), Appellant.

[1] VENDOR AND VENDEE — BREACH OF VENDOR — FAILURE TO MAKE STREET IMPROVEMENTS—ACQUIESCENCE OF VENDEE—CONFLICT OF EVIDENCE—APPEAL.—A defendant cannot on appeal contend that an action for the recovery of payments made under contracts for the purchase of lots was prematurely brought where the action was based upon the failure of the defendant to put in street improvements as agreed within the time specified in the contracts and the evidence was in substantial conflict as to plaintiff's alleged acquiescence in such failure.

[2] CONTRACTS—BREACH—RESCISSION.—The failure or refusal to perform an obligation assumed expressly or by implication or the voluntary abandonment of a contract gives the obligee an immediate right of action for the breach and to rescind.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. A. F. St. Sure, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

J. F. Riley for Appellant.

B. M. Jackson for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment against it in an action brought by the plaintiff to recover on his own behalf and as the assignee of his sister-in-law, money paid by them under contracts with the defendant for the purchase of two lots, on the ground that the defendant had breached the contracts, in that it had failed to put in street improvements as agreed within the time specified in the contracts.

This case has been before the supreme court of this state on a prior appeal, and the opinion of that court appears in 181 Cal. 773, [186 Pac. 356]. A reading of that opinion, which is the law of this case, reveals the fact that it covers all matters disclosed by the evidence in the present record. The legal questions involved are discussed by the supreme court from every possible angle, and it would, therefore, be a useless proceeding for us to indulge herein in a similar discussion of the same legal principles.

[1, 2] Upon both appeals, the defendant made the contention that the action was prematurely brought. Upon the former appeal that argument was answered by the supreme court by pointing out that the president of the defendant corporation, on its behalf, had made statements to plaintiff and his assignor which were tantamount to a declaration that the corporation could not, and would not, perform its obligations under the contract within the time prescribed therein, and the well-settled rule was applied that the failure or refusal to perform an obligation assumed expressly or by implicaton, or the voluntary abandonment of a contract, gives the obligee an immediate right of action for the breach and to rescind. To meet this situation, in the second trial of the action, the president of the defendant company testified that he had offered to perform the obligations of the defendant corporation under the contracts, but had stated to plaintiff that to do so would be inadvisable, and that the plaintiff had acquiesced in this. The most that can be said for the defendant as

a result of this testimony of its president is that a conflict is created in the evidence, which was resolved in favor of plaintiff by the trial court upon this point. For plaintiff testified that the president of defendant corporation had told him, on May 17, 1917, that it would take about three years to do the work required by the contract. The time limited for doing the work expired on June 1, 1917. The defendant had had three and one-half years previous to June 1, 1917, within which to do the work called for by their contracts and the work had not been done, and, indeed, the record shows that up to the time of the trial (May, 1920) the work had not been done.

Upon the question of waiver by the plaintiff and his assignor of the conditions of the contracts requiring the defendant to put improvements upon this property, the record discloses ample evidence justifying the application of the language and holding of the supreme court on this point on the former appeal.

Numerous technical objections are made by appellant, such as the objection that the trial court admitted in evidence a copy of a letter to the defendant by the attorney for the plaintiff upon an insufficient showing. It is urged that the letter was improperly admitted because the witness, who was the attorney for the plaintiff, merely testified that "on the 18th of May, I addressed a letter to the Harbor Business Block Company, reading as follows": It is urged that no presumption of receipt follows from "addressing" a letter, and that the witness should have stated that he placed the letter in the mail. The objection made to the testimony was general and to the effect that the letter was incompetent, irrelevant, and immaterial. No point was made that the statement of the witness was ambiguous and insufficient in this particular, and it is perfectly clear that had the point been raised, it would have been met at the trial. There was no attempt by the defendant to deny the receipt of this letter. But conceding an irregularity in the admission of this evidence, the merits of this case are so overwhelmingly in favor of the plaintiff, and the entire record, taken as a whole, so clearly demonstrates that justice has been done by the judgment, that no error in the admission or rejection of evidence, or in the matter of pleading or procedure would warrant this

court in reversing this judgment. (Sec. 4½, art. VI, Const.) The remaining matters urged by the appellant are either specifically covered by the opinion of the supreme court on the prior appeal, or they are covered by the salutary provisions of the constitution of this state referred to above.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 17, 1921, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 21, 1921.

All the Justices concurred.