[Civ. No. 4129.    First Appellate District, Division Two.—March 9, 1922.]

## MRS. L. MILLS, Appellant, v. THE RICHMOND COMPANY, INCORPORATED (a Corporation), Respondent.

[1] DEED—CONTRACT FOR SALE OF LAND—MERGER.—While a deed made in execution of a contract for the sale of land merges the provisions of the contract therein as to the quantity of land described or the identical body of land to be conveyed, the matters of a clear title, the payment of taxes, the grading of streets, and the placing of sidewalks and curbs are collateral to the deed and may be inquired into.

[2] VENDOR AND VENDEE—CONTRACT FOR SALE OF LAND—GRADING OF STREET AND LAYING OF SIDEWALKS—BREACH OF COVENANT—RIGHT OF RESCISSION.—A covenant of a vendor in a contract for the sale of land to grade the street and place concrete sidewalks and redwood curbs in front of the land is not an independent covenant entitling the purchaser merely to damages for breach, but is a ground for rescission of the contract.

APPEAL from a judgment of the Superior Court of Contra Costa County. A. B. McKenzie, Judge. Reversed.

The facts are stated in the opinion of the court.

Lovett K. Fraser for Appellant.

Forrest A. Cobb for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to obtain a rescission of a contract to purchase two lots in the town of Richmond, Contra Costa County, California. The trial court sustained a demurrer to the plaintiff's amended complaint and she, declining to amend, judgment went for the defendant and the plaintiff has appealed.

In her amended complaint the plaintiff sets forth that on the first day of February, 1913, she agreed to buy of the defendant's assignor two lots at five hundred dollars each, and to pay thereon ten dollars down and ten dollars per month until the full purchase price had been paid, and that in consideration therefor the said Herbert F. Brown

agreed that he would, when all payments had been made, execute and deliver to plaintiff a good and sufficient deed to said premises and also, "The seller agrees to grade the street and place concrete sidewalks and redwood curbs in front of the within mentioned lot." That the said Herbert F. Brown transferred said contract to the defendant, which accepted the same, and agreed to fulfill all of its terms; the plaintiff made all payments, and the defendant did, on the nineteenth day of December, 1919, make and deliver to plaintiff its deed.

It is further averred that when said contract was made, February 1, 1913, the plaintiff was a widow of eighty years of age, living on a farm near Kelseyville, Lake County, California, and that plaintiff has been unable to leave Lake County since the year 1915 because of her extreme old age and the condition of her health, and that she has never seen said lots. That on the first day of March, 1921, the plaintiff received the information that the defendant had never done the grading and other improvements above referred to; that plaintiff relied upon defendant's agreement and would not have purchased the lots except by reason of each and all of the recitals in her contract. The plaintiff pleads in appropriate averments a notice of rescission, an offer to reconvey, and a demand for the return of her money.

The demurrer which was interposed and sustained pleaded, among other things, that the amended complaint did not state facts sufficient. In support of its demurrer the defendant makes two points. [1] It contends that a deed made in execution of a contract for the sale of land merges the provisions of the contract therein. As to the quantity of land described or the identical body of land to be conveyed, it may be conceded that respondent's point is good. (*Riley* v. *North Star Mining Co.*, 152 Cal. 549, 556 [93 Pac. 194].) But there is no such dispute involved in this case. As to the matter of a clear title, the payment of taxes, the grading of streets, the placing of sidewalks and curbs, one would not expect to see anything on those subjects in a deed. If such matters existed between the parties they were collateral to the deed and may be inquired into. (*Blahnik* v. *Small Farms Improvement Co.*, 181 Cal. 379, 383 [184 Pac. 661].) [2] The respondent's second point is that even if appellant had not accepted performance, she has not pleaded

facts sufficient to entitle her to rescind; that the facts pleaded, at most, entitle her only to damages for breach of a contract. In making this point the respondent argues that it is not as to every contract concerning the sale and purchase of a lot that the cost of the grading, sidewalks, and curbs constitute a material element of the consideration, and that one who would rescind must plead facts showing that such an element is material. There are two answers to that argument. No one, we take it, would have the temerity to claim, as a matter of law, that the cost of the street work fronting a city lot could be treated as *de minimis*. Again, so far as the item may be said to be trivial, the question seems to be settled in California against the contention of the respondent. (*Walker* v. *Harbor Business Blocks Co.*, 181 Cal. 773 [186 Pac. 356].) If, as argued by the respondent, the construction of the improvements in question was a matter of no great cost, the fact may be developed at the time of the trial (*Fountain* v. *Semi-Tropic L. & W. Co.*, 99 Cal. 677 [34 Pac. 497]), but no duty rested upon the plaintiff to add any additional allegations than those contained in her pleadings. We understand the respondent to contend that the clause, "The seller agrees to grade the street and place concrete sidewalks and redwood curbs in front of the within mentioned lot," is an independent covenant and therefore that a breach thereof is not a ground for rescission. This is a strained interpretation of the contract. There is no express language showing it to be an independent covenant. In *Brennan* v. *Ford,* 46 Cal. 7, 16, the court said: "No time was stipulated for the performance of these acts, nor is there any provision from which it can be inferred that one was to precede the other. In such cases the law implies that they are to be performed concurrently. In the *Bank of Columbia* v. *Hagner,* 1 Pet. (U. S.) 455 [7 L. Ed. 219, see, also, Rose's U. S. Notes], it is said that 'in contracts of this description the undertakings of the respective parties are always considered dependent unless a contrary intention clearly appears. A different construction would, in many cases, lead to the greatest injustice, and a purchaser might have payment of the purchase money enforced upon him and yet be disabled from procuring the property for which he paid it.' "

For the foregoing reasons we think the demurrer should have been overruled and that the trial court erred in sustaining the same. The judgment is reversed.

Nourse, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 8, 1922.

All the Justices concurred.

Waste, J., was absent and Richards, J., *pro tem.*, was acting.