[Civ. No. 9013.   First Appellate District, Division Two.—October 10, 1933.]

ELLA N. BOYD et al., Appellants, v. A. E. J. CHIVERS CO. (a Corporation) et al., Respondents.

A. P. Coviello for Appellants.

J. R. Wilder and David Wells for Respondents.

STURTEVANT, J.—The plaintiffs commenced an action against the defendants to obtain a judgment rescinding a

contract and to recover damages. The trial court made findings in favor of the defendants and from the judgment entered thereon the plaintiffs have appealed. The defendant Fitz Investment Company is a corporation. Formerly it was known by another name. The personal defendants are officers of the corporation. Hereinafter it will not be necessary for us to refer to any of the defendants excepting the Fitz Investment Company.

On the seventh day of August, 1924, the corporation was engaged in subdividing and selling certain tracts of land in Los Angeles County. Some of the tracts and particularly tract 6573 were orange groves apparently in bearing. Each tract was being farmed as an orange grove. Tract 6573 was being so farmed and was offered for sale in subdivisions as shown by a certain map then on record. On the seventh day of August, 1924, the defendant, as party of the first part, and the plaintiffs Ella N. Boyd and Robert J. Boyd, entered into a written contract under the terms of which the plaintiffs agreed to purchase lot number 43 of tract 6573. The sales price was $1,090. The plaintiffs paid $165 down and agreed to pay $15 monthly, together with interest at seven per cent until the balance was paid. In the contract it is provided that ''The party of the first part hereby agrees to place upon said lands described above, the following improvements and none other: Sidewalks, curbs, water, gas and electricity and graveled, oiled and rolled streets.'' No other covenant on that subject was inserted. The contract also provided that ''The said party of the second part is hereby given possession of the premises aforesaid and in consideration thereof said party of the second part hereby agrees to pay all state, city and county taxes and assessments of whatsoever nature which may be levied or assessed on the premises above described . . . Time is strictly the essence of this agreement, . . . In the event the party of the second part shall have complied with all the terms and provisions hereof at the time and in the manner herein specified and upon surrender of this instrument, the party of the first part will execute a good and sufficient deed of conveyance conveying the premises herein described and furnish a certificate of title issued by a reputable title company doing business in the city of Los Angeles, showing the title then vested in the party of the first part, free and

·clear of all encumbrances except the first half taxes for the fiscal year 1924–1925." Although the above-mentioned contract is silent on the subject there is evidence in the record that the defendant corporation farmed the land from August 7, 1924, and down to the date that the action was commenced. In doing so, it caused the orange trees to be sprayed. Growing out of that transaction the county of Los Angeles filed a lien on the entire tract 6573. Because the property could not be farmed to an advantage if sidewalks were put in place, the latter work was not done. The fact that it was not done was known to the plaintiffs and their agent and no demand that the work be done was made. Many payments were not made monthly, but there was evidence that on the fifteenth day of November, 1930, the final payment on the purchase price was made by the plaintiffs acting through their agent, Ronald M. Boyd. As to what was said by him at the time said payment was made regarding the delivery of a deed and a certificate of title, the evidence is conflicting. However, there was evidence that Mr. Boyd was told a deed would be prepared and a certificate would be issued as soon as the defendant could clear the title and that thereupon Mr. Boyd left without making any objection or any further demand. It was stipulated that from the time the lien was imposed until March 31, 1931, the defendant exercised every effort to get the lien withdrawn and on the date last mentioned the lien was withdrawn. A trust deed stood against tract No. 6573 and a partial release of lot No. 43 was issued shortly before March 31, 1931. A grant deed was executed on the twenty-fourth day of March, 1931, acknowledged on the twenty-sixth day of March, and forwarded to the plaintiffs at their address in New York. A policy of title insurance was executed on the thirty-first day of March, 1931, and was thereafter forwarded to the plaintiffs. There was evidence that the defendant was ready, able and willing at all times to install any of the improvements hereinabove mentioned and that it would do so on the demand of the plaintiffs.

The plaintiffs call to our attention that on March 14, 1931, they wrote the defendant Fitz Investment Company a letter, by the terms of which they gave notice of rescission. Thereupon, they contend the trial court erred

in holding the plaintiffs were not entitled to rescind the contract when defendant failed to deliver a deed upon demand and after the plaintiffs had fully performed their contract which contained a covenant that time was of the essence thereof. The defendant replies that under the facts hereinabove recited the plaintiffs waived that covenant. (*Tuffin* v. *Warfield*, 72 Cal. App. 282 [237 Pac. 64]; *Larson* v. *Thomas* [51 S. D. 564 (215 N. W. 927)], 57 A. L. R. 1246, note, at p. 1548.) It will be conceded that a waiver is a question of fact to be considered under all of the evidence. (*Frazer* v. *Hovey*, 195 Mich. 160 [161 N. W. 887].) That being so, we think it cannot be said in the instant case there was not evidence supporting the implied finding that the covenant as to time being of the essence was waived. After November 15, 1930, and down to March 14, 1931, no notice was given by the plaintiffs that thereafter they would rely strictly on the covenant. It follows the notice given on March 14, 1931, should have given the defendant a reasonable time within which to perform. Furthermore, it may not be said under the facts that the defendant did not perform within a reasonable time after said date.

The plaintiffs call to our attention that the improvements consisting of sidewalks, streets, etc., had not been installed and therefore they were entitled to rescind. As the written contract did not specify the date the improvements were to be installed, the plaintiffs claim that performance on the part of the defendant was concurrent with the date of performance by the plaintiffs. (*Mills* v. *Richmond Co., Inc.*, 56 Cal. App. 774 [206 Pac. 486].) Continuing, they claim that the consideration as to them has failed. (*Blahnik* v. *Small Farms Improvement Co.*, 181 Cal. 379 [184 Pac. 661]; *Walker* v. *Harbor Business Blocks Co.*, 181 Cal. 773 [186 Pac. 356].) The authorities cited may be distinguished on a very material point. In those cases no collateral contract was in existence. In the instant case there was before the court the written instrument which we have quoted from and there was the other contract, whether in writing or oral, which was collateral thereto. By the terms of that latter contract the defendant was called upon to farm tract 6573. It is patent the farming could not be well done with the sidewalks and streets in place, and furthermore, if it was done with modern equipment, the streets

and sidewalks, if in place, would be greatly injured by farming implements. Under such a set of facts, we think it is clear it may not be said that the defendant breached its contract.

We find no error in the record. The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.