[Civ. No. S. C. 40. Second Appellate District, Division One.—March 23, 1937.]

EVA BERNSTEIN, Respondent, v. PACIFIC STATES SAVINGS AND LOAN COMPANY (a Corporation), Appellant.

John L. Mace and Roy D. Reese for Appellant.

Eugene L. Wolver for Respondent.

SHINN, J., *pro tem.*—It is shown by the findings, which are not questioned, that plaintiff, owner by assignment of a negotiable promissory note for $1,000, bearing an endorsement to her, endorsed the same generally after its maturity and delivered it to American Mortgage Company, as her agent, for the purpose of collection. The agent, in violation of its instructions, sold the note to McCabe-Fewell & Co., who sold it to State Guaranty Corporation, from whom defendant acquired it for a consideration of $275. Plaintiff had no knowledge·of these transfers, and defendant had no knowledge of the limit of authority of plaintiff's agent, American Mortgage Company.

Plaintiff prevailed in this action to quiet title to the note, and defendant appeals.

Appellant contends that as the note was negotiable and was purchased for value without knowledge of plaintiff's rights as the real owner, title passed free from any defects in the title of appellant's transferrer, notwithstanding the fact that each of the several transfers took place after the maturity of the note.

Both legal and equitable claims are involved in this proposition. ▮ Appellant did not establish a legal title to the note. Respondent's agent had no authority to sell the note. Having purchased after maturity, appellant was not a holder in due course, and while a holder in due course takes title to a negotiable instrument free from defects of title of prior

parties under the negotiable instruments law, others do not. (Civ. Code, sec. 3138; *Chase* v. *Whitmore,* 68 Cal. 545 [9 Pac. 942]; *Woodsum* v. *Cole,* 69 Cal. 142 [10 Pac. 331]; *McPherson* v. *Weston,* 85 Cal. 90 [24 Pac. 733].) ▪ Appellant seeks to avoid the application of these authorities, contending that the rules followed by the court in deciding them were changed by the adoption of section 3128 of the Civil Code, which provides that a negotiable instrument remains negotiable until it has been restrictively endorsed or satisfied, and that such was not the law at the time the cases were decided. From this premise it is argued that because a negotiable instrument remains negotiable after maturity, a purchaser thereof takes title free from defects of title of prior holders. The premise is unsound; the Civil Code section did not change the law in this respect. At common law the rule was that an instrument negotiable in the beginning remained negotiable after maturity. (*Pitman* v. *Walker,* 187 Cal. 667 [203 Pac. 739].) There was no statutory law in this state to the contrary at the time the cited cases were decided. It was not assumed by the court in any of the cases that an instrument which was negotiable before maturity became nonnegotiable after maturity. The authorities are therefore in point. A negotiable instrument not held in due course is subject to all defenses as if it were nonnegotiable. (Civ. Code, sec. 3139.) The maker, of course, has the right to insist that payment be made to the lawful owner, and it is always a defense that the holder or the one who sues is not the true owner. Legally appellant could not recover on the note from the maker as against the defense that respondent was the true owner.

▪ If appellant has a better right to the note than respondent has, it would be because respondent is estopped to set up her prior title. She endorsed the note generally and delivered it to her agent, a corporation presumably of good standing and reputation. She was a victim of misplaced confidence. Upon the other hand, appellant acquired the note long after maturity and after it had passed through the hands of two prior holders. Furthermore, it acquired a $1,000 note for a consideration of $275. Its claim to protection upon equitable grounds is without merit unless the facts which we have stated establish negligence upon the part of respondent in delivering the note bearing her general endorsement

to her agent for collection, and unless they establish the further fact that appellant was free from negligence in acquiring the note without making any inquiry as to the rights of prior holders, whose ostensible prior ownership appeared on the note itself. If appellant's position should be sustained, the effect would be to give to the purchaser of a negotiable instrument after maturity a title free from defects of title of prior parties, which by statute is given only to holders in due course. The equities of the case do not justify the extension to the purchaser of the past due paper rights which are denied under the negotiable instruments law. Overdue commercial paper is tainted with suspicion. The promise of the maker to pay upon a day certain becomes a questionable one when the day passes without payment having been made. It is incumbent upon one who purchases after maturity to inquire into the circumstances of the execution of the paper and its later history. If he fails to do so he does not stand in any better position, nor is he less negligent, than a former owner who has delivered the paper bearing his general endorsement to his agent for collection. We think there is an especial duty to make inquiry where the instrument is offered for sale at a price less than one-third of its face value. (*Boyd* v. *Bearce*, 48 Cal. App. 46 [191 Pac. 560] ; *Jordan* v. *Grover*, 99 Cal. 194 [33 Pac. 889].) Certainly this is a circumstance which should put a prudent person upon inquiry both as to the liability of the maker and the title of prior holders. Appellant should be charged with notice of whatever facts would have been discovered by an inquiry conducted with reasonable diligence. Such an investigation would have disclosed readily that the transfer by American Mortgage Company was made in violation of its authority as agent. Appellant cannot claim ignorance of facts which it would have learned except for its breach of duty to make inquiry as to the rights of former holders. No estoppel can arise in its favor when knowledge of the facts is imputed, as it must be, to appellant. Its purchase must be regarded as having been made subject to respondent's rights as the lawful owner of the note. The foregoing views are sustained by the weight of authority. Numerous cases supporting them are to be found in note in 68 A. L. R., at page 989. Without quoting from any of the cases there cited and discussed, it is sufficient to say that the reasoning to be found therein amply sustains the rule that the rights of the legal owner of a note who has endorsed and

delivered it to an agent for collection only should prevail over those of one who purchases for value after maturity under such circumstances as the record before us discloses.

The judgment is affirmed.

York, Acting P. J., and Doran, J., concurred.