[Civ. No. 2634.   Fourth Appellate District.—April 1, 1941.]

CHARLES W. STILES, Appellant, v. HENRY G. BODKIN et al., Respondents.

Frank L. Perry for Appellant.

Henry G. Bodkin, *in pro. per.,* and Charles S. Gass for Respondents.

MARKS, J.—This is an appeal from a judgment cancelling promissory notes and a deed of trust on property of Henry G. Bodkin and Ruth Bodkin to whom we will refer as the defendants. Plaintiff has attempted to appeal from an order denying his motion for new trial. Such an order is not appealable. (Code Civ. Proc., sec. 963.)

The appeal is on the judgment roll. In the absence of the evidence we must presume, "in support of the judgment, that every necessary element of the case, which is not refuted by the judgment-roll, was adequately proved". (*E. E. McCalla Co.* v. *Sleeper,* 105 Cal. App. 562 [288 Pac. 146].)

Some time prior to June, 1928, defendants entered into a contract with Title Insurance & Trust Company, trustee for Miramar Estates under a subdivision trust, whereby defendants agreed to purchase the real property in question for $9,500. Concurrently defendants and Title Insurance & Trust Company and the Board of Syndicate Managers of Miramar Estates entered into a separate contract binding the seller and Miramar Estates to pave certain streets and construct sidewalks and other improvements in the tract in the vicinity of the property and in the streets on which it abutted. On June 29, 1928, after half of the purchase price

had been paid, the property was deeded to defendants who executed a promissory note for $4,750 secured by a deed of trust on the property. At that time the improvements had not been installed but both the Title Insurance & Trust Company and Miramar Estates promised they would be installed in accordance with the contract. The note was made payable to Julia E. Murton, an agent for Title Insurance & Trust Company and Miramar Estates at the request of the former. She immediately endorsed the note and delivered it and the trust deed to Title Insurance & Trust Company which thereafter delivered the instruments to Arthur A. Weber, who was attorney for and a member of the Board of Syndicate Managers of Miramar Estates. He took with full knowledge of the contract to construct the improvements and the subsequent promise to construct them. At the time he had notice that the improvements had not been installed and that they could not be installed because of the financial condition of Miramar Estates. Defendants had no notice or knowledge of this financial condition.

Title Insurance & Trust Company and Miramar Estates continued to represent to defendants that the improvements would be installed within a reasonable time. Defendants believed and relied on those representations and took no action to cancel the note and deed of trust.

The promissory note was payable in two equal instalments, the first on March 29, 1929, and the second on March 29, 1930.

On April 4, 1930, after both instalments of the promissory note were due, Arthur A. Weber delivered it and the deed of trust to Mrs. M. W. Stiles as collateral security for the payment of a promissory note executed by Miramar Sales Corporation to George L. Stiles, her son, who had been sales manager for Miramar Estates. This note had been assigned by George L. Stiles to his mother. Mrs. Stiles had knowledge of the contract and promises to construct the improvements and knew they formed part of the consideration for the promissory note and deed of trust; that the improvements had not been installed; that the subdivision had been ''practically abandoned''.

When the note became due defendants refused to pay it on the ground that the improvements had not been installed,

and demanded that they be installed or that the note and deed of trust be cancelled. The trial court found "that it is true that Mrs. M. W. Stiles then and there through her agents falsely represented to said Henry G. Bodkin and Ruth W. Bodkin that she was a holder in due course of said note for $4,750.00, and that she had parted with value for said note prior to its maturity, without knowledge of the fact that said Title Insurance and Trust Company, a corporation, and said Board of Syndicate Managers of Miramar Estates Trust S–7170, had agreed and promised to install said street work, but had in fact failed to do so; that it is true that at said time said Henry G. Bodkin and Ruth W. Bodkin believed said statements and relied thereon, and because of their reliance thereon were induced to and did execute the promissory note sought to be foreclosed by the present action".

Relying on and believing these representations defendants paid $2,375 on account of the principal of the promissory note, and on March 28, 1934, executed another note for the unpaid balance of $2,375. This note became due on March 28, 1935. On November 29, 1935, Mrs. Stiles assigned this note to plaintiff who had full knowledge of all of the facts we have detailed and that no consideration had been given for the note except that it was a renewal of one-half of the note for $4,750.

The trial court further found that if the contract for installation of the improvements had been performed and the subdivision had not been abandoned, the lot purchased by defendants would have been of the value of $9,500, but because the improvements had not been installed "the value of said lot at the time of the execution of the said promissory notes and each of them, and at the time of the purchase of said property, and at the present time, is no greater than $1500.00"; that the consideration for the $2,375 note entirely failed; that defendants owed nothing by reason thereof.

The judgment decreed the cancellation of the deed of trust, the promissory note for $2,375 and the note for $4,750.

From the foregoing findings we must conclude that plaintiff and his predecessors in interest were not purchasers in due course and were not innocent holders for value, but took subject to all equities in favor of defendants. (*Bernstein* v.

*Pacific States Sav. & Loan Co.,* 19 Cal. App. (2d) 679 [66 Pac. (2d) 699].)

Plaintiff argues that by the surrender of the original contract providing for the installation of the improvements, the acceptance of the deed and the execution of the deed of trust, the provisions of the contract were merged in the deed and deed of trust and defendants thereby are precluded from relying on the terms of the contract.

There is no finding that the contract was ever surrendered by defendants. In the absence of a bill of exceptions or a reporter's transcript we are required to assume that the omission of the trial court to find on the question of the surrender of this contract "was due to the fact that no evidence was produced which would justify such findings". (*Ouzoonian* v. *Vaughan,* 194 Cal. 139 [228 Pac. 8].)

In the case of *Mills* v. *The Richmond Co., Inc.,* 56 Cal. App. 774 [206 Pac. 486], it was urged that the covenants to install street improvements in a contract were merged in the deed conveying the property to the purchaser. In disposing of this contention, the court said:

"It contends that a deed made in execution of a contract for the sale of land merges the provisions of the contract therein. As to the quantity of land described or the identical body of land to be conveyed, it may be conceded that respondent's point is good. (*Riley* v. *North Star Mining Co.,* 152 Cal. 549, 556 [93 Pac. 194].) But there is no such dispute involved in this case. As to the matter of a clear title, the payment of taxes, the grading of streets, the placing of sidewalks and curbs, one would not expect to see anything on those subjects in a deed. If such matters existed between the parties they were collateral to the deed and may be inquired into. (*Blahnik* v. *Small Farms Improvement Co.,* 181 Cal. 379, 383 [184 Pac. 661].)" (See, also, *Walker* v. *Harbor Business Blocks Co.,* 181 Cal. 773 [186 Pac. 356]; *National City Finance Co.* v. *Lewis,* 216 Cal. 254 [14 Pac. (2d) 298].)

Plaintiff claims that defendants waived the right to claim failure of consideration for the note and deed of trust because they gave the new note to Mrs. Stiles who was a stranger to the original contract to install the improvements. As we have already seen, Mrs. Stiles was not an innocent

holder for value, but took the note and deed of trust subject to the equities resting in defendants. The trial court found that she secured the new note by misrepresentation of the facts and the false claim that she purchased the note and deed of trust before maturity, without notice and for value; that defendants believed and relied upon these misrepresentations and gave the note as a result of them. This amounted to a finding of fraud on the part of Mrs. Stiles in obtaining the new note.

Waiver implies a knowledge of an existing right or benefit and an actual intent to abandon it (*Craig* v. *White,* 187 Cal. 489 [202 Pac. 648]), or circumstances evidencing such an intent. (*Jones* v. *Maria,* 48 Cal. App. 171 [191 Pac. 943].) Where a party has no knowledge of the facts upon which the claim of waiver is based his conduct ordinarily does not waive his right. (25 Cal. Jur. 926–928.) Here, Mrs. Stiles concealed the true facts from defendants and misrepresented facts to them. Under such circumstances we cannot as a matter of law hold that defendants waived any rights in executing the new note.

Plaintiff suggests that defendants' rights are barred by laches and the statute of limitations. A similar contention was held to be without merit in *J. B. Colt Co.* v. *Freitas,* 76 Cal. App. 278 [244 Pac. 916], where the court said:

"Where fraud is relied upon as a defense merely 'neither the limitation of the statute nor the doctrine of laches will operate to bar the defense of the invalidity of the agreement upon the ground of fraud, for so long as the plaintiff is permitted to come into court seeking to enforce the agreement, the defendant may allege and prove fraud as a defense. In short, it is not incumbent upon one who has thus been defrauded to go into court, and ask relief, but he may abide his time, and when enforcement is sought against him excuse himself from performance by proof of the fraud'. (*Estate of Cover,* 188 Cal. 133, 140 [204 Pac. 583, 587].) 'Where no affirmative relief is sought, it is not necessary for him to have exercised an existing right to rescind.' (12 Cal. Jur. 786; *Simon Newman Co.* v. *Lassing,* 141 Cal. 174 [74 Pac. 761].) 'There are three methods by which, in cases like the present, a party defrauded may obtain relief: 1. Cancellation or rescission, etc.; . . . 2. Affirmative relief by an action to

recover compensation for the injury sustained by the fraud; . . . 3. Defensive relief, whereby the fraud is set up by way of defense to defeat an action brought to enforce an apparent obligation or liability.' (*Toby* v. *Oregon Pacific R. R. Co.,* 98 Cal. 490, 498 [33 Pac. 550, 553]; *Field* v. *Austin,* 131 Cal. 379, 382 [63 Pac. 692].)''

The judgment is affirmed. The attempted appeal from the order denying the motion for new trial is dismissed.

Barnard, P. J., and Griffin, J., concurred.

# MEMORANDUM CASES.