[Civ. No. 2862.   Third Appellate District.—April 15, 1925.]

ALLAN TUFFIN et al., Appellants v. CHARLES F. WARFIELD et al., Respondents.

[1] VENDOR AND VENDEE—CLEARING TITLE TO PREMISES — LIMITATION OF TIME IN CONTRACT—WAIVER BY VENDEES—FINDING—EVIDENCE. In this action by vendees to recover moneys paid on the purchase price of land and damages because of the failure of the vendors to procure a decree quieting title to said land within the time specified in their contract, time being made of the essence thereof, the evidence was sufficient to support the finding of the trial court that the vendees waived the default of the vendors in procuring the decree quieting title within the time limit fixed by the contract.

[2] ID.—DEMAND FOR PERFORMANCE—REASONABLE TIME.—The vendees in such action, having waived the provision fixing the time for the clearing of the title, could place the vendors in default in regard to such provision only by demanding performance within a reasonable time.

[3] ID.—INSUFFICIENCY OF LETTER AS DEMAND FOR PERFORMANCE.— A letter from one of the vendees to one of the vendors stating, "I want you to settle with me as quick as possible. I mean pay me what you owe me and I will get off the place. I will expect some action on your part in less than thirty days, if not I will take some. Hoping we will settle without trouble," fails completely to demand that the vendors clear the title within thirty days or any other time, and clearly lacks those matters essential to later place the vendors in default for a failure to complete their contract.

[4] ID.—NOTICE DEMANDING PERFORMANCE—REQUISITES OF.—A notice demanding performance cannot be an arbitrary and sudden termination of the transaction; it cannot put an immediate end to a pending dispute or negotiation as to the title; it must allow a reasonable length of time for the other party to perform and if it fails in any of these respects, it may be disregarded and will produce no effect upon the equitable remedial rights of the party to whom it is given. The notice also, to be effectual in making the time allotted an essential element of the performance, must be express, clear, distinct, and unequivocal.

[5] ID.—PERFORMANCE—NOTICE—FINDING—EVIDENCE.—In such action, the evidence was sufficient to justify the trial court in finding that no notice terminating the vendees' waiver of the provision in the contract fixing a time limit to clear title, and allowing a reasonable time for the performance of the contract in that respect, had been given by the vendees at any time.

[6] ID.—DEFAULT—WAIVER—EVIDENCE.—In such action, no error was committed in admitting evidence of a conversation of one of the vendees with another party, in which reference was made to an alleged request by the former to be permitted to withdraw certain money on deposit in his name, as such conversation was clearly admissible as bearing upon the question of waiver.

---

(1) 39 **Cyc.**, p. 2067, n. 94.   (2) 39 **Cyc.**, p. 1413, n. 57.   (3) 39 **Cyc.**, p. 1413, n. 57.   (4) 39 **Cyc.**, p. 1413, n. 57.   (5) 39 **Cyc.**, p. 2067, n. 94.   (6) 39 **Cyc.**, p. 2066, n. 89.

APPEAL from a judgment of the Superior Court of El Dorado County. George H. Thompson, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. Fitzgerald and Thomas Maul for Appellants.

Abe Darlington and Henry S. Lyon for Respondents.

JONES, J., *pro tem.*—On December 15, 1920, the appellants and respondents entered into an agreement, by the terms of which the respondents agreed to sell to the appellants, and the latter agreed to buy certain farm land situate in El Dorado County, for the sum of $7,500, of which amount $2,000 was paid on the execution of the agreement and the balance was to be paid upon the execution and delivery of the deed. The vendees, it was agreed, should have im-

mediate possession of the premises and if the vendors failed to give a good and sufficient title, the vendees should be permitted to remain on the land for the period of one year from the date of the agreement and to take the proceeds of the farm as compensation for their services and loss of time in cultivating and caring for the premises.

It was further "agreed that certain landmarks used in the description of said property have been obliterated by the lapse of time and it is necessary that the said property shall be re-surveyed and that thereafter a suit to quiet title be instituted for the purpose of decreeing the title vested in said vendors, and for that purpose the parties hereto agree to equally share said expenses. That in event said suit shall not be successful that all moneys heretofore paid by said vendees to said vendors shall be refunded to said vendees by said vendors. And it is agreed that said surveying and the prosecuting of said action shall be done within one year from the date hereof and, in case the title to the whole of said lands has not been quieted and found to be sufficient within said period of one year said vendors shall be regarded and treated as having failed to give title as herein provided and required. Time is expressly made the essence of the contract."

Upon the completion of said survey of said premises and the final adjudication in said suit to quiet title, decreeing said title to be vested in said vendors within the time limited in the contract, the vendees agreed to pay $1,750, and give a mortgage on the property for the sum of $3,750. We have not set forth all the provisions of the agreement, but only those we deem necessary to be considered on this appeal.

The appellants entered into the possession of the land and cultivated it and made certain improvements thereon. The title, however, was not quieted within the time specified in the contract, and on July 21, 1922, the appellants commenced an action against the respondents, alleging the failure by the latter to furnish the former with a good title and to complete proceedings in perfecting the title according to the agreement, and demanding the return of all moneys paid and damages for the breach. Judgment was rendered in favor of the defendants, from which judgment the plaintiffs have taken an appeal.

The appellants contend that certain findings made by the trial court are not supported by the evidence and that the court erred in admitting certain testimony offered by the respondents.

Appellants' claim for relief is based upon the alleged failure of respondents to procure, within the time designated in the contract, a decree quieting their title to the land, but it is the contention of the respondents that the appellants waived such default of the respondents and gave no new notice demanding performance at any particular time. The findings objected to are, in the main, of facts supporting this contention of the respondents.

[1] An examination of the record reveals that there was evidence presented supporting the findings of the court that the appellants had waived the time limit fixed in the agreement for the procuring of the decree quieting title. The admitted acts and conduct on the part of the appellants were such as to compel the conclusion that, if the vendors were in default on December 15, 1921, the default was waived and that they had lost their right to insist that time was of the essence as to that clause of the agreement. They continued to remain in possession of the land after the expiration of the year and made improvements thereon, such as the setting out, in March, 1922, of 2,800 grape cuttings. On March 19, 1922, the following letter was written by Allan Tuffin to the respondent Chas. F. Warfield: ''Am writing you a few facts regarding the ranch. Of course you are aware I suppose that our agreement is out dated and is useless as far as I can see so everything stands about the same as it did a year ago, but I know quite a lot more about this ranch than I did at that time''—here follows a description of the bad condition of the orchard, and the writer then continues: ''Well, Mr. Warfield under those conditions and the price I agreed to pay for the place which I think is all that is worth in more improved conditions do you think that it is fair and just for you to expect me to pay half of the expense of getting a clear title for your property. I will take my medicine on the purchase price of the place but paying half of the cost is a little too strong.''

One would be justified in construing this communication to mean that while the writer deemed himself bound to pay

the purchase price fixed by the contract, yet, owing to the poor condition of the farm and the work he had done to improve it, he did not feel that he should be expected to pay one-half of the expense of clearing the title. The terms of this letter, combined with the acts of the appellants in connection with the land, were sufficient to constitute a waiver of their right to declare the respondents in default as of December 15, 1921.

The rule is laid down by Pomeroy in his work on Contracts, section 418: "Whether time is originally essential or is made so by notice, or is simply material, all objections to a delay, either in finally completing or in doing any particular act, or to a failure to comply with the stipulations concerning time, will be waived by conduct on the part of, the one who could otherwise raise them, which show with reasonable certainty that he could not consistently have intended to insist upon the objection, or that he did intend to treat the contract as still subsisting, notwithstanding the delay. . . . If the title is not yet perfect, and the day for completion passes, but the vendee continues the negotiation or dealing concerning it, he thereby waives the delay."

[2] Appellants, having waived the provision fixing the time for the clearing of the title, could then place the respondents in default in regard to such provision only by, demanding performance within a reasonable time. "Where time was originally essential, but for sufficient cause a forfeiture for default therein has been waived, time ceases to be essential and becomes only material thereafter until the vendor again makes it essential by a proper notice and demand." (*Boone* v. *Templeman,* 158 Cal. 290, 299 [139 Am. St. Rep. 126, 110 Pac. 947]); and in the case of *Daley* v. *Ruddell,* 137 Cal. 671 [70 Pac. 784], it was held that "the circumstances disclose a waiver of Ruddell's right to insist that time was of the essence of the contract, and this being the case, it was incumbent upon him before terminating the contract to give notice to the other party and allow a reasonable time within which to do any act required before the contract can be considered as violated or rescinded."

[3] Appellants contend that such a notice for performance was given by a letter from Allan Tuffin to Mr. Warfield, dated June 19, 1922, the pertinent portions of which are as follows: "I want you to settle with mê as quick as

possible. I mean pay me what you owe me and I will get off the place. . . . I will expect some action on your part in less than thirty days, if not I will take some. Hoping we will settle without trouble. . . .'' This document fails completely to demand that the respondents clear the title within thirty days or any other time. It does demand that the respondents ''settle'' with the appellants, and the writer explains that he means by ''settle,'' to pay what is owing him. It clearly lacks those matters essential to later place the respondents in default for a failure to complete their contract.

[4] ''The notice cannot be an arbitrary and sudden termination of the transaction; it cannot put an immediate end to a pending dispute or negotiation as to the title; it must allow a reasonable length of time for the other party to perform and if it fails in any of these respects, it may be disregarded and will produce no effect upon the equitable remedial rights of the party to whom it is given. . . . The notice also to be effectual in making the time allotted an essential element of the performance, must be express, clear, distinct and unequivocal.'' (Pomeroy on Contracts, sec. 396.)

[5] A review of the evidence determines that there was a sufficient showing to justify the trial court in finding that there was a waiver on the part of the appellants of the time limit fixed by the agreement for perfecting the title, and that no notice terminating such waiver and allowing a reasonable time for the performance of the contract in that respect had been given by appellants at any time, from which it would follow that the respondents were not in default at the time of the commencement of the action.

[6] As to the contention of the appellants that the court erred in admitting evidence of a conversation of the appellant, A. Tuffin, with the witness Darlington, in which reference was made to an alleged request by the former to be permitted to withdraw certain money on deposit in his name, it must be held that no error was committed, as the conversation was clearly admissible as bearing upon the question of waiver.

Respondents, in their brief, seek to have reviewed an order of the trial court, relieving appellants from their default

in failing to give the notice to the clerk to prepare the transcript, within the time required by section 953a of the Code of Civil Procedure—the appellants having elected to proceed under the provisions of that section. The authority of this court to review such an order on an appeal from the judgment may be questioned, but the conclusion we have reached on the merits of the appeal make it unnecessary to determine the question or to review the making of the order by the trial court, if such review would be proper.

The judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.